# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT, DECEMBER TERM, 1831.

[PHILADELPHIA, JANUARY, 1832.]

## Case of KREIDER'S ESTATE.

APPEAL.

Though under the act of the 14th of *April*, 1828, supplementary to the act to compel as-
signees to settle their accounts, &c. it is necessary that an appeal to the Supreme Court
should be filed at the next term after it is taken, yet if it be done during the actual
session of the court, whether sitting by adjournment, or otherwise, it is in time.

*Conrad Kreider* together with his wife, having on the 7th of *Novem-
ber*, 1823, executed a voluntary assignment of his real and personal
estate to *Owen Rice* and *Jefferson K. Herbman*, for the benefit of his
creditors, under certain conditions expressed in the deed, the as-
signees on the 29th of *November*, 1828, agreeably to the provisions
of the act of the 24th of *March*, 1818, and its supplement, presented
to the court of Common Pleas of *Northampton* county the accounts of
their trust, and the court directed thirty days notice to be given by
advertisements, that the accounts would be confirmed on the first
day of the next term, unless cause should be shown to the contrary.
On the 19th of *January*, 1829, the court appointed auditors " to ex-
amine and re-settle the account, and make distribution of the balance,
to and among the creditors," &c. The auditors, on the 27th of *April*,
1829, filed their report, which was confirmed *nisi.* On the 30th of
the same month, exceptions to the report were filed, and a rule to

(Case of Kreider's Estate.)

show cause why it should not be set aside, granted, and on the 28th of the following *August* the exceptions were dismissed, and the report confirmed. On the 17th of *November*, 1829, an appeal to the Supreme Court was taken by certain creditors, and bail entered; and on the 15th of *January*, 1830, the appeal was filed in this court. Whether the appeal was filed within the period prescribed by law, was the question to be determined by this court.

*Brooke* and *J. M. Porter* for the appellees, moved to quash the appeal, on the ground that it had not been filed within the period prescribed by law. They contended that according to the true construction of the sixth section of the act of the 14th of *April*, 1828, and decisions upon similar statutes, it should have been filed in this court by the first day of the term next ensuing its entry in the Common Pleas, or at all events before the last return day of the term.

*December* term, 1829, commenced on the 8th of *December*, and by law, the regular term continued only three weeks. The 27th of that month was the last return day of the term, and all writs issued after that day, were returnable to *March* term, 1830. The record was not taken from the office of the prothonotary of the court of Common Pleas, until the 12th, and was filed in the office of the prothonotary of this court on the 15th of *January*, 1830. The appeal was taken and perfected below on the 17th of *November*, 1829, by making the affidavit and entering bail. The motion to quash was made on the first day of *March* term. It is true the appellants need not have entered their appeal until the 15th of *January*, 1830, but having taken it on the 17th of *November*, they were bound to file it in the Supreme Court, before, or at least during the next term. In the analagous case of an appeal from the judgment of a justice of the peace, the appeal must be entered on the docket before the first day of the next term of the court of Common Pleas. *Beale* v. *Dougherty,* 3 *Binn.* 432. It is important that the court should lay down a general rule for the government of future appeals, uninfluenced by the supposed hardship of this case. The appellants have certainly been guilty of neglect, by which the opposite party has been delayed.

*Scott*, contra, said, that this was an important motion, and the first of the kind in *Pennsylvania.* The act of assembly upon which the proceeding is founded, gives the court of Common Pleas peculiar and important powers, as great as those of a court of chancery in similar cases. It is therefore important in establishing a rule on the subject, that it should be done with due reflection. If the rule contended for on the opposite side be established, it will operate with great hardship on the appellants in this case. Both the counsel who were originally concerned, had been called to the exercise of important public duties, which was the reason why the appeal had not been entered earlier. It however was entered during the sitting of the court, though after the expiration of the regular term, and this was enough. If neglect is to be imputed to either party, it is to the appellees, who

did not make their motion to quash until *March* term, although they might have made it at any time between the 15th of *January*, when the appeal was filed and the 24th of that month, when the court adjourned.   An appeal from the judgment of a justice of the peace is not an analogous case, for the act of assembly giving that appeal, expressly requires it to be filed in the office of the prothonotary, on or before the first day of the next term of the court of Common Pleas, and it was upon this legislative enactment that the case of *Beale* v. *Dougherty* was decided.  The act giving the present appeal, contains no such provision.

The opinion of the court was delivered by

Rogers, J.—The act of the 14th of *April*, 1828, allows an appeal, within one year after decree, sentence or judgment.   The question is, whether this be an appeal within the period prescribed by law ; and we are all of the opinion that it is.   The decree was made the 28th of *August*, 1829.   On  the 17th of *November* following, the appeal was taken, and bail entered, and on the 15th of *January*, 1830, it was duly filed.   I agree, that it is incumbent on the appellant, to file his appeal at the next term, but if done during the actual session of the court, whether sitting by adjournment or otherwise, it is all the law requires.   *Vanlear* v. *Vanlear*, 1 *Binn.* 76, and *Share* v. *Lytle*, 16 *Serg. & Rawle*, 9, were decided, on the words of the act of the 20th of *March*, 1799, which expressly directs the filing of the appeal, on or before the next term.   In this, the analogy fails. If the peculiar circumstances of the case require an earlier entry of the appeal, the object of the appellee may be obtained on motion.

Rule discharged.