[PHILADELPHIA, MARCH 29, 1833.]

## BRENTLINGER *against* BRENTLINGER.

### APPEAL.

On an appeal from the decree of the Court of Common Pleas on a petition for a divorce, an affidavit that is not intended for delay, must be filed.

But such an affidavit is not a pre-requisite to an appeal. Until the affidavit is filed, the appeal is not complete, but the court will not dismiss the appeal on the ground that such an affidavit has not been filed with the record, where the defect has been supplied during the term (even if the court be sitting by adjournment) and before motion to dismiss the appeal.

*Theresa E. Brentlinger*, by her next friend *John C. Guldin*, presented a petition to the Court of Common Pleas of *Montgomery* County, praying for a divorce and alimony, which the court decreed. The respondent, *John Brentlinger*, entered an appeal to this court. On a previous day, *Rawle, Jun.* for the appellee, obtained a rule to show cause why the appeal should not be dismissed, because no affidavit was made by the appellant, and filed with the record, that the appeal was not intended for delay.

*Brewster*, for the appellant, argued against the rule.

The opinion of the court was delivered by

ROGERS, J.—This is an appeal from the sentence of the Common Pleas, of *Montgomery* county, decreeing a separation from bed and board, and alimony. The decree was made the 28th of *November*, 1822, and the appeal taken by the respondent, was filed in the Supreme Court, the 12th of *January*, 1833, and the affidavit was filed the 5th of *March*, 1833. The case comes before the court, on a rule, granted the 11th of *March*, 1833, to show cause why the appeal should not be dismissed, because no affidavit was made by the appellant, and *filed with the record*, that the said appeal was not intended for delay.

In *Kreider's Case*, 3 *Rawle*, 205, it was decided, that an appeal to the Supreme Court, should be filed at the next term after it was taken, yet, if it be done during the actual session of the court, whether sitting by adjournment or otherwise, it is in time. The court was sitting by adjournment the fifth of *March*, 1833, so that the appeal, although not perfect at the time the record was filed, was perfected the same term at which it was taken. The act of the 11th of *March*, 1809, which directs the oath or affirmation, prescribes, that any person appealing, or purchasing any writ of error, shall make oath or affirmation, to *be filed with the record*, that the same is not intended for delay. It is the usual, and certainly the mostconvenient practice, to make the affidavit when the party appeals or purchases his

writ of error, and to file it at the time he files the record. But this is not a pre-requisite to an appeal, or writ of error. The party will be permitted to retrieve a slip of this kind, provided it is done in proper time. Until the affidavit is filed the record is not complete, but the court will not dismiss the appeal, where the defect has been supplied during the term, and before motion. If the case requires an earlier action, the object of the appellee may be obtained on motion.

The objection, that an affidavit is not required, was not much pressed. The act of 1809 is general, and requires an oath or affirmation in all cases of appeals, or writs of error. I see nothing in the act of 1815, which shows that the legislature intended that an affidavit should be dispensed with in a case like the present.

*Rule discharged.*