## Roush *against* Walter.

If a dam be built in a navigable stream in conformity with the provisions of the law, and the shute has been rendered innavigable by flood or accident, the owner of the dam would not be liable for damage occasioned thereby, before he had time to repair it; nor in an action for a nuisance, would he be liable for an erroneous opinion as to the safety of running through the shute in its damaged condition.

ERROR to the common pleas of *Union* county.

George Roush against Simon Walter.   Action on the case.

By an act of assembly passed in 1803, Penn's creek was declared a public highway for arks, rafts, &c., and provision was made by the same act for the erection of dams by individuals who owned the lands through which it ran, prescribing the manner in which it should be constructed, and requiring the owner to make a shute of certain dimensions for the passage of craft.   By a sudden freshet in the creek, or by the passage of an ark over the dam, which had been constructed conformably with the law, the shute was so injured as to render the navigation unsafe.   The plaintiff with his ark came down the creek to the dam, and knowing the injury it had sustained, stopped; upon examining the shute and dam, and being advised by the defendant that there was no danger, that he could run it, "that he would go on the ark and warrant it to go safe," he got on board, and, in going through, the ark was so injured that she sank a short distance below the dam, and the loading was injured.   This action was then brought by the plaintiff to recover the amount of damages which he sustained.

*Lewis*, President, instructed the jury that if the injury was occasioned by the dam not having been built in conformity with the directions of the act of assembly, or by negligence of the defendant in not repairing an injury done to the dam which had rendered it unsafe for the passage of craft, the defendant would be liable:—but if it were caused by a sudden flood in the stream, or by the passage of a raft or ark a few hours before, and the breach or injury could not have been repaired by any ordinary exertions on the part of the defendant, then the plaintiff was not entitled to recover:—that the declaration of the defendant "that he would warrant it to go safe," would not entitle the plaintiff to recover in this suit.   Verdict for defendant.   This opinion was assigned for error.

[Roush v. Walter.]

*Swineford* and *Lashel,* for plaintiff in error, cited 14 *Serg. & Rawle* 71; 3 *Smith's Laws* 70. 113; 3 *Serg. & Rawle* 276; *Str. Purd.* 737; 17 *Serg. & Rawle* 101; 1 *Watts* 14; 16 *Serg. & Rawle* 414; 1 *Binn.* 38; 1 *Serg. & Rawle* 298.

*Slenker* and *Merril,* for defendant in error, cited 8 *Serg. & Rawle* 211; 4 *Dall.* 249; 3 *Serg. & Rawle* 273; 3 *Penns. Rep.* 180; 3 *Watts* 330; 8 *Watts* 407; 1 *Watts* 71; 1 *Com. Dig.* 420; 2 *Saund. Pl. Ev.* 203; 4 *Rawle* 9; 4 *Watts* 440.

PER CURIAM.—Though there was conflicting evidence at the trial, it is not now to be asserted that the dam was not constructed according to the requisition of the statute; for the jury were directed to find for the plaintiff if they should be of opinion that it was not. The principle which results, and it is perhaps the only one, is that the defendant is not to be held answerable for a loss which he could not foresee or prevent; as was ruled in the case of the Lehigh Bridge, 4 *Rawle* 241, and Bacon *v.* Arthur, 4 *Watts* 440. It cannot be pretended that if the shute had been rendered innavigable by the flood or an ark, the defendant would be answerable for damage for it before he had time to repair it; and such was the direction. As to the defendant's advice to attempt the passage at all events, it is obvious that he would not be liable for an erroneous opinion as to the condition of the shute, in an action for a nuisance. The rest was for the jury, who, as to the few and simple principles of law involved in the case, were properly directed.

Judgment affirmed.