## LOUISA STEINHAUSER v. JOSEPH KUHN AND MARGARET DONOHUE.

*Ejectment—Presumption of unbroken title—Notice to quit.*

| 50 | 367 |
| 92 | 583 |
| 50 | 367 |
| 101 | 63 |
| 50 | 367 |
| 125 | 441 |
| 50 | 367 |
| s15NW | 513 |
| 129 | 1230 |

A plaintiff in ejectment who shows title running back for a long time through a series of conveyances from persons in possession as owners, is presumed to hold by direct chain of title from the government unless defendants claim under some one who is in a position to disturb that presumption.

A tenant in possession who has attorned to a stranger to the title is not entitled to notice to quit.

A purchaser on foreclosure ousted a tenant, after the foreclosure became absolute, but took an attornment and afterward allowed the tenant to attorn to a person who claimed title under a tax-lease. Meanwhile the former owner had obtained a decree on a bill to redeem, and the purchaser had released to her. *Held* that the tenant and the person to whom the second attornment had been made, became trespassers.

Error to Wayne. (Chambers, J.)   April 12.—April 18.

EJECTMENT. Plaintiff brings error. Reversed.

*Brennan & Donnelly* for appellant.   A plaintiff in eject-
ment need do no more than prove his own deed and show
possession as against a defendant who shows no title:
*Wheeler v. Smith* ante p. 93 ; *McFarlane v. Ray* 14 Mich.
465 ; *Hall v. Kellogg* 16 Mich. 135 ; *Livingston v. Peru Iron
Co.* 9 Wend. 521 ; *Day v. Alverson* 9 Wend. 223 ; *Keane
v. Cannovan* 21 Cal. 305 ; *Covert v. Morrison* 49 Mich. 133 ;
*Hubbard v. Little* 9 Cush. 475.

*Otto Kirchner* for appellee.

CAMPBELL, J.  This was an action of ejectment.  Plaintiff
showed title under a series of deeds from parties in posses-
sion and claiming title, the last predecessor in the title
being one Frederika Eigenbrod, to whom the premises were
granted by her husband, Adam Eigenbrod.  The latter,
in 1877, had executed a mortgage which came to the hands
of Alexis Campau, who foreclosed it under the statute in
1880, the redemption expiring in May, 1881, provided all
was regular.

In July, 1881, Campau procured judgment of ouster
against defendant Donohue, who was then plaintiff's tenant,
by summary proceedings under the Landlord and Tenant
Act.   She then attorned to Campau and became his tenant.
At that time a bill to redeem was pending in favor of
plaintiff against Campau, and in December, 1881, a decree
was made in her favor and Campau released.   Meanwhile,
by Campau's consent, Mrs. Donohue had attorned to de-
fendant Kuhn, who claimed to hold under a city tax-lease.
Some evidence was given of notice to quit, but it does not
appear to have preceded this suit.

The court below ordered a verdict for the defendant.

The defendants object to the plaintiff's case that there are
some omissions in proof of the chain of title from govern-
ment.   But plaintiff showed a series of conveyances from
persons in possession as owners, running back a considerable
time, and she is entitled to the benefit of the presumption
which the law raises in such cases, unless defendants claim

under some one who was in such a position as to disturb that presumption.

Defendants show no title and stand on the record as mere trespassers. It is at least questionable whether the transactions between Donohue, Campau and Kuhn were not under the circumstances tortious acts which would allow a recovery against them as tenants who had violated their duty. But it is clear that Donohue could not set up any rights as tenant after attorning to a stranger, and could not be entitled to notice to quit.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.