## ALONZO VINCENT v. EDWARD BRANT.

*Landlord and tenant—Forcible entry and detainer—Parties.*

1. The general rule is that the possession of a tenant is not such a possession as entitles his landlord to bring the action for forcible entry and detainer, and that, when a tenant is disseised under circumstances which authorize the bringing of the action, it should be instituted by the tenant.

2. The landlord cannot in such case maintain the action in his

name, upon the claim of collusion between the tenant and one adversely interested, where the tenant could not himself have instituted the proceeding by reason of the entry having been made with his consent.

3. A possession of a public billiard room, sought to be acquired by placing several men therein, with directions to remain, which they do until the hour for closing, when they are forcibly expelled, is not a sufficient basis for the institution of proceedings for forcible entry.

4. One entering into premises through collusion with the tenant cannot, in a proceeding to recover possession instituted at the expiration of the term, set up a title or right adverse to the landlord.

Error to Berrien.   (O'Hara, J.)   Argued April 10, 1894. Decided June 16, 1894.

Forcible entry.   Defendant brings error.   Reversed.   The facts are stated in the opinion.

*George W. Bridgman* and *M. L. Howell,* for appellant.

*George M. Valentine* and *George S. Clapp,* for complainant.

MONTGOMERY, J.   This is an action for a forcible entry. The *locus in quo* is a room in the Hotel Benton, at Benton Harbor.   Vincent was lessee of the hotel from Brant, and sublet the room in question to Iman & Whiteman for a billiard room.   Brant brought proceedings against Iman & Whiteman before a circuit court commissioner to recover possession of the room, and obtained a judgment.   An appeal was taken from this judgment in the name of Iman & Whiteman, but it was in fact taken by Vincent, who furnished the bond.   The evidence on this trial tended to show that while this appeal was pending a secret arrangement was made between Brant and Whiteman, by which Whiteman agreed to deliver up possession to Brant, and discontinue the appeal.   The purpose of Brant in obtaining possession was to hold under his judgment.   White-

man had paid rent according to the terms of his lease, and was, as between himself and Vincent, entitled to possession. On August 11, 1892, Whiteman commenced to take down the billiard tables; and .Vincent, learning of this fact, and perhaps being. made aware of the secret arrangement between Brant and Whiteman, sent three men into the room, with instructions to remain there. The room was open to the public. The men in the employ of Vincent went into the room, and remained there, without comment, until time for closing up, and, when informed of Mr. Whiteman's intention to close up, stated that they had been sent there by Mr. Vincent with instructions to remain, and refused to leave. Whiteman left them in the room, and went out for Brant, who came, with assistance, and expelled them from the room by force. Vincent regained possession by forcing a door, and Brant again ejected him by force.

The question of chief importance is whether Vincent had such a possession as entitled him to maintain the action. The complainant's contention is that the secret agreement between Brant and Whiteman amounted to a fraud upon Vincent, and that as, by this collusion, Brant has deprived Vincent of the right to bring the suit through Whiteman, Vincent can himself institute the proceedings which he could otherwise have done through Whiteman.

The general rule, undoubtedly, is that the possession of . a tenant is not such a possession as entitles his landlord to bring the action for forcible entry and detainer, and that, when a tenant is disseised under circumstances which authorize the bringing of the action, the tenant should institute the proceedings. See Tayl. Landl. & Ten. § 790, and cases cited. Furthermore, it appears that Whiteman could not himself bring the suit for forcible entry, not because he has disabled himself from doing so by a collusive agreement after the event, but because there was no

forcible entry without his consent. If the facts are as contended for by complainant, defendant could not, on any proceeding commenced to recover possession after the termination of the term of the tenancy, set up a title or right adverse to Vincent. The collusive arrangement between Brant and Whiteman, if such an arrangement existed as is claimed by the complainant, would debar Brant from claiming any rights other or different from those which Whiteman could himself have asserted. See *McCartney v. Auer,* 50 Mo. 395; *Morgan v. Ballard,* 1 A. K. Marsh. 558; *Steinhauser v. Kuhn,* 50 Mich. 367. But it does not follow that an action for forcible detainer may be brought before the expiration of Whiteman's term, based upon no other possession than that acquired as above detailed. The following instruction asked for by defendant should have been given:

"From the undisputed testimony in this case, at the time Vincent put the three men in the room, and Whiteman desired to close up the room for the night, he had the right to use all the necessary force to put out such men, if they refused to go peaceably."

See *Newton v. Doyle,* 38 Mich. 645.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.