CALVIN E. HULL, Appellant, *v.* GEORGE B. DIEHL ET AL., Respondents.

[Submitted March 3, 1898. Decided April 18, 1898.]

*Mortgage of Realty—Bona Fide Purchaser—Burden of Proof—Assignment of Mortgage—Recording—Priority.*

1. MORTGAGE—*Bona Fide Purchaser—Burden of Proof.* After having executed a mortgage upon certain real estate to a bank, the owner conveyed the property to "D," who mortgaged the same to "W," who, for a valuable consideration and before maturity, indorsed the note secured by this mortgage to plaintiff and also assigned the mortgage to him. Both "D" and "W" knew of the mortgage to the bank, when they acquired their interest in the property. The mortgage to the bank was not recorded until after the deed to "D" and the mortgage to "W" had been recorded, and the transfer of the note and mortgage to plaintiff had been made; the assignment of the mortgage to plaintiff was never recorded. *Held*, that the burden was upon the bank to prove that plaintiff had notice of its unrecorded mortgage.

SAME—*Assignment—Recording—Priority.*—Under the facts above stated; *Held*, that under the Compiled Statutes of 1887, plaintiff could not record the assignment of the mortgage to him, as a mortgage of real estate is not a conveyance; and that his failure so to do did not destroy his priority.

SAME.—*Held*, further, that, granting that the assignment was entitled to record, the plaintiff being a purchaser for value and without notice of the mortgage first recorded, his right was prior to that of the bank, and that he was not bound by the actual notice of his assignor.

*Appeal from District Court, Lewis and Clarke County; H. R. Buck, Judge.*

ACTION by Calvin E. Hull against George B. Diehl and others. Judgment for defendants. Plaintiff appealed. Reversed.

*McConnell, Clayberg and Gunn,* for Appellant.

By the great weight of authority in this country the assignee of a negotiable promissory note secured by a real estate mortgage, who purchases such note for a valuable consideration, before maturity, takes such note and the mortgage securing the same free and clear of all equities and defenses. (*Carpenter* v. *Longan*, 16 Wall. 271; *Dulin* v. *Hunter*, 13 So. 301; Jones on Mortgages, §§ 834 and 1487; Beach's Equity Jurisprudence, § 464; *Webb* v. *Hoselton*, 19 Am. Rep. 638;

*First National Bank* v. *Rohrer*, 39 S. W. 1047; Pingrey on Mortgages, § 998.) In some states it is held that the assignee takes the mortgage subject to the defenses of the mortgagor, against the mortgagee, but not subject to equities in favor of third persons of which he had no notice. This is the rule in Illinois. (*Humble* v. *Curtis*, 43 N. E. 749; See also *Dulin* v. *Hunter*, 13 So. 301; Pingrey on Mortgages, § 1005.) In this case it appearing that the plaintiff purchased the notes and mortgages mentioned in the complaint for a valuable consideration and before the maturity of the notes, the presumption arises that he had no notice of the existence of the unrecorded mortgage to the bank. If the plaintiff had notice it constituted a matter of defense, and there being no allegation or proof of notice on the part of the plaintiff, he stands as a *bona fide* purchaser. (*Lacustrine Fer. Co.* v. *L. G. Co.*, 82 N. Y. 476; *Hiller* v. *Jones*, 66 Miss. 636; *Vest* v. *Michie*, 31 Am. Rep. 722; *Roll* v. *Rea*, 50 N. J. L. 264; *Anthony* v. *Wheeler*, 22 N. E. 494; *Wood* v. *Chapin*, 13 N. Y. 509.)

Section 260 of the Fifth Division of the Compiled Statutes of Montana reads as follows: "Every conveyance of real estate within 'this territory hereafter made which shall not be recorded as provided for in this chapter, shall be deemed void as against any subsequent purchaser in good faith, and for a valuable consideration, of the same real estate, or any portion thereof, where his own conveyance shall be first duly recorded." Section 270 reads as follows: "The term 'conveyance' as used in this chapter shall be construed to embrace every instrument in writing by which any real estate or interest in real estate is created, alienated, mortgaged or assigned, except wills, leases for a term not exceeding one year, and executory contracts for the sale or purchase of land." In this state "a mortgage is a security for a debt. It retains no life when the debt is extinguished. It creates no estate in real property." (*Gallatin Co.* v *Beattie*, 3 Mont. 175; See also *Holland* v. *Board of Co. Commrs. of Silver Bow Co.*, 15 Mont. 460.) In view of these decisions the assignment of a mortgage is not a conveyance within the meaning of Section 270 above quoted, and

the assignee of a mortgage is not a purchaser of real estate within the meaning of Section 260. At common law deeds and other conveyances were not required to be recorded, and the registry acts of the different states, being in derogation of the common law, will be strictly construed. Unless, therefore, the statutes expressly require an assignment of a mortgage to be recorded, such recording is unnecessary. (20 Am. and Eng. Enc. of Law, 532 and cases cited in note.) In the states of California and Oregon, under statutes fully as broad as the statute of this state on the subject of recording of instruments, it is held that such statutes do not authorize or require the recording of the assignment of a mortgage. (*Adler* v. *Newell*, 41 Pac. 799; *Bamberger* v. *Geiser*, 33 Pac. 609; *Oregon Trust Co.* v. *Shaw*, 5 Saw. 336.) We therefore insist that at the time of the assignment of the mortgages mentioned in the complaint to plaintiff there was no law in this state authorizing or requiring the recording of the assignment of a mortgage.

But if it should be held that under the Compiled Statutes it was necessary to record an assignment of a mortgage, still the situation and rights of the parties to this case were not affected by the failure of plaintiff to record the said assignments for the reason that the only purpose of the statute in providing for the recording of the assignment of a mortgage is to protect subsequent purchasers of the same mortgage. (*Curtis* v. *Moore*, 46 N. E. 168; *Gillig* v. *Maass*, 28 N. Y. 191; *Willcox* v. *Foster*, 132 Mass. 320; *Greene* v. *Warnick*, 64 N. Y. 220; *Crane* v. *Turner*, 67 N. Y. 437.)

*Wm. Wallace, Jr.*, for Respondent.

Respondent was not attempting to gain priority against appellant by virtue of a subsequent equity; but appellant was striving to gain by this means a superior position to our prior lien. He concedes that Thornburgh, Diehl and Wallace all had notice, and that the mortgage he bought, though recorded, was, while in their hands, subject to ours, and he is striving, through his purchase, to gain a priority for the mortgage he

bought that it never before had.    The question is then purely
one of construction of our registry laws.·   In Montana, under
the laws of 1887, then in force,· our prior mortgage, though
unrecorded, was valid as to all the world except a subsequent
purchaser in good faith for value whose conveyance was first
recorded.    (Pingrey on Mortgages, § 617.)    Appellant alleged
and proved himself a subsequent purchaser for value, but
wholly failed to allege or prove that he bought without notice,
and did not record his assignment.    Under a statute, such as
ours, making the unrecorded mortgage good as to all the
world, except a purchaser for value without notice, the bur-
den was upon the appellant to allege and affirmatively prove
that he stood in this particular category.    (*Seymour* v. *Mc-
Kinstry*, 106 N. Y., 230, 242; 54 Am. Dec., 287, 288, and
many cases cited; § 3145 Code of Civil Procedure, Montana.
Citing also *Decker* v. *Boice*, 83 N. Y., 219; Pingrey on Mort-
gages, §§ 660 and 1004;  Jones on Corporate Bonds, § 170.)
But as already shown, the question of the relation of an as-
signee of a mortgage to equities subsequent to that mortgage
itself, is not the question in this case.    The court below fol-
lowed the New York authorities in construing our statutes,
rather than those construing statutes such as are found in Kan-
sas and Mississippi and some other states, and rightly followed
the former line of authorities.    These New York cases are as
follows:    *Seymour* v. *McKinstry*, 106 N. Y. 230, 242;
*Brewster* v. *Carnes*, 103 N. Y., 562; *Bacon* v. *Shoonhoven*,
87 N. Y., 450; *Decker* v. *Boice*, 83 N. Y., 215; *Westerbrook*
v. *Gleason*, 79 N. Y., 23.    And the doctrine of the last of
these cases, followed in all the latter ones, has been approved
by Mr. Pomeroy.    (2 Pomeroy on Equity Jurisprudence, 190,
note.)

    Necessity of recording assignment.    Under this head appel-
lant makes but one point:    That the idea that a mortgage is a
security simply, and ·does not create an interest in real
property, forbids the idea that an assignment of the mortgage
could pass an interest in realty.    This is fully answered by
the language of the court in *Decker* v. *Boice*, 83 N. Y., 219,

quoted by Mr. Justice Buck in his opinion; and the Oregon cases cited by counsel are to be distinguished, and were distinguished by Mr. Justice Buck, on the ground of the difference of the Oregon statute. The general rule is that "where the statutes themselves do not in terms directly apply to the assignment of mortgages, the courts have generally drawn the inference of intended application." (1 Jones on Mortgages, § 479; Pingrey on Mortgages, § 656.)

PIGOTT, J. On this appeal the only question presented is whether the mortgages, of which the plaintiff is assignee, are liens entitled to precedence over the mortgage lien of the defendant bank.

The material facts are admitted, and may be summarized as follows: On January 15, 1892, defendant Thornburgh, to secure the payment of his note for $12,155, executed to defendant First National Bank a mortgage upon certain city lots in Helena, Mont., then owned by him. The mortgage was not recorded until July 22, 1893. On April 9, 1892, Thornburgh conveyed the lots by warranty deed, dated March 1, 1892, to defendant Diehl, and this deed was recorded April 11, 1892; and on April 9, 1892, Diehl executed to one Wallace two mortgages on the lots to secure payment of a like number of negotiable promissory notes, each for $800. These mortgages were recorded April 11, 1892. Diehl and Wallace had knowledge of the mortgage to the bank at the time the mortgages last mentioned were made. On May 13, 1892, before their maturity, Wallace indorsed and assigned the Diehl notes and mortgages to the plaintiff, but no assignment of the mortgage was ever recorded. The district court adjudged the mortgage of January 15, 1892, from Thornburgh to the bank, a lien prior to the lien acquired by plaintiff under his assignment of the mortgages made by Diehl to Wallace in April, 1892. From the judgment and order refusing a new trial plaintiff appeals. The bank is the only respondent.

1. Appellant pleaded that he purchased the mortgages for a valuable consideration and without notice of the unrecorded

prior mortgage to respondent.    It was both proved and admitted that he  paid a valuable consideration, but there was no evidence establishing affirmatively that he was without actual knowledge of such prior mortgage.    Respondent claims that the burden of proving want of notice was upon appellant, and that, in the absence of such proof, the later, but first recorded, mortgages assigned to him must yield to the prior, but last recorded, mortgage to respondent.    In so far as pertinent to the  question raised,  Section  260  of  the  Fifth  Division, Compiled   Statutes · of . 1887,    then   in   force,    declares that  · an    unrecorded    conveyance    shall   be    deemed void    as    against    a    subsequent    purchaser    in    good faith and for a valuable consideration.    It must be conceded that many respectable courts hold to the  doctrine that a recorded  deed  or mortgage is  *prima facie* evidence, as against one subsequently recorded, of every fact essential to its validity, including  the  payment of  a valuable consideration as well as the existence of good faith in the purchaser.    In the case of *Le Neve* v. *Le Neve*, Amb. 436, vol. 2 White & T. Lead. Cas. Eq. pt. 1, page 35, it was for the first time held ''that a priority of record could be assailed in any court, and the doctrine has ever since been maintained that it may be done, but only by the most convincing proof of fraud by notice, or by want of consideration which raises a constructive fraud.  Fraud is the only ground of interference, and it cannot be presumed. The doctrine which assumes this, without proof, is at war with all the recognized legal presumptions, and I cannot but regard it as dangerous and unreasonable.''    (Campbell, C. J., dissenting, in *Shotwell* v. *Harrison*, 22 Mich., at page 425.)

Whether the burden of proving the payment of a valuable consideration is upon the  person claiming under a conveyance recorded before the record of a prior conveyance is not presented for decision in this case, and we express no opinion. We are, however, satisfied that the good faith of the purchaser will sufficiently appear by proof of the record of conveyances showing title in his grantor at the time of the purchase, upon which record he had the right to rely and is presumed to have

relied.   If he had actual notice of the prior conveyance, "this is a fact affirmative in its nature, and it is therefore more reasonable to require it to be shown by the party claiming under the prior unrecorded deed than to call upon the purchaser to prove the negative." (*Shotwell* v. *Harrison,* 22 Mich. 410. See also *Eversdon* v. *Mayhew,* 85 Cal. 9, 21 Pac. 431, and 24 Pac. 382; *Nolan* v. *Grant,* 53 Iowa, 392, 15 N. W. 513; *Garber* v. *Gianella,* 98 Cal. 527, 33 Pac. 458; *Hiller* v. *Jones,* 66 Miss. 636, 6 South. 465; *Roll* v. *Rea,* 50 N. J. Law, 264, 12 Atl. 905.)   We think this is the better rule, and therefore, on the record before us, and for the purposes of this appeal, it must be presumed that appellant purchased the mortgages in good faith.

2.   Appellant claims that, under the statutes then in force, the mortgage made by Thornburgh to respondent was void as to the mortgages made by Diehl to Wallace at the time appellant acquired them in good faith and for value, for the reason that the prior mortgage was not then of record; that, when he purchased the notes secured by the mortgages, he presumably did and had the right to rely upon the records of the county which failed to give notice of the respondent's mortgage; and that the silence of the records was due to the laches and negligence of the respondent.   But respondent meets this by insisting that the assignment of a mortgage is a conveyance within the meaning of the recording acts then in force, and that, in order to put himself in a position to take advantage of the law protecting an innocent purchaser against a prior unrecorded conveyance, appellant should have recorded the assignment before the respondent placed its mortgage on record.   The appellant was the indorsee of underdue negotiable notes, the payment of which was secured by the mortgages assigned to him, and we have held that he was without knowledge of the prior mortgage by Thornburgh to respondent. Under these facts, respondent practically concedes that appellant should prevail unless the assignment of a mortgage is within the provisions of the recording acts.   We note the following sections of the Fifth Division of the Compiled Statutes of 1887:

"Section 237. Every conveyance in writing whereby any real estate is conveyed, or may be affected, shall be acknowledged or proved and certified in the manner hereinafter provided."

"Section 270. The term 'conveyance' as used in this chapter shall be construed to embrace every instrument in writing by which any real estate, or interest in real estate, is created, alienated, mortgaged or assigned, except wills, leases for a term not exceeding one year, and executory contracts for the sale or purchase of lands."

"Section 258. Every conveyance of real estate, and every instrument of writing setting forth an agreement to convey any real estate, may be effected, proved, acknowledged and certified in the manner prescribed in this act to operate as notice to third persons, shall be recorded in the office of the recorder of the county in which such real estate is situated, but shall be valid and binding between the parties thereto without such record.

"Section 259. Every such conveyance and instrument in writing, acknowledged or proved and certified and recorded in the manner prescribed in this chapter, from the time of filing the same with the recorder for record, shall impart notice to all persons of the contents thereof, and subsequent purchasers and mortgagees shall be deemed to purchase and take with notice.

"Section 260. Every conveyance of real estate within this territory hereafter made, which shall not be recorded as provided for in this chapter, shall be deemed void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any portion thereof, where his own conveyance shall be first duly recorded."

The word "conveyance" is declared to include an instrument in writing by which real estate, or an interest therein, is mortgaged. A mortgage is therefore a conveyance, within the recording acts. But a mortgage does not create an estate in real property. It is a mere security for the payment of a debt or the fulfillment of an obligation, and is only a chattel

interest. (*Gallatin Co.* v. *Beattie*, 3 Mont. 173; *Holland* v. *Commissioners*, 15 Mont. 460, 39 Pac. 575.) While it affects lands by imposing a lien or charge upon them, it in no wise conveys title thereto. It is a mere incident to that which it secures. Is an assignment of a mortgage an instrument by which real estate, or an interest therein, is "created, alienated, mortgaged or assigned?" The mortgage itself does not create, alienate or assign any real estate or interest in real estate, nor does the assignment of the mortgage have such effect. (*Adler* v. *Newell* (Cal.) 41 Pac. 799; *Mott* v. *Clark*, 9 Pa. St. 399; same case, 49 Amer. Dec. 566.) Neither will it be claimed that the assignment is a mortgage or creates a lien. Its sole office is to transfer from one person to another title to a mortgage lien already on the land, and its operation is of necessity limited to that purpose. Again, under the modern doctrine touching the character of such security, a formal assignment of the mortgage is never required unless by force of statutory law. Usually the only act done is the sale of the debt or obligation, or the indorsement of the note the payment of which is secured by the mortgage, and this effectually carries with it the incident mortgage, which owes its birth to, and depends for continued life upon, the principal—the debt or obligation. So, when appellant purchased the notes, the mortgages passed with the notes as incident thereto. "The note to secure the payment of which the mortgage was given was negotiable paper, subject to transfer before maturity. The mortgage followed the note. It therefore made no difference whether or not the assignment of the note by Bolles & Co. [mortgagees] to Mrs. Dodge [indorsee of note] was on record." (*Dodge* v. *Birkenfeld*, 20 Mont. 115, 49 Pac. 590.)

We are cited to the decisions of the New York and Wisconsin courts, holding that assignments of mortgages are conveyances, within the terms of the statutes of those states. But the recording act of New York expressly provides that the word "conveyance" shall embrace an assignment of a mortgage, and that the word "purchaser" shall embrace an assignee of a mortgage, while in Wisconsin the word "purchaser"

includes the assignee of a mortgage. In many other states the statutes make provision for recording the assignment of a mortgage, but, in our opinion, the sections above quoted fail to do so. As supporting this conclusion, we cite _Bamberger_ v. _Geiser_ (Or.) 33 Pac. 609; _Craft_ v. _Webster_, 4 Rawle 241; _Mott_ v. _Clark_, _supra;_ _Adler_ v. _Newell_, _supra;_ _Watson_ v. _Dundee M. & T. Investment Co._ (Or.) 8 Pac. 548; _Oregon Trust Co._ v. _Shaw_, Fed. Cas. Nos. 10,556, 10,557; _Gordon_ v. _Rixey_, 76 Va. 694.

3. Granting, however, the contention of the respondent to the effect that an assignment of a mortgage is a "conveyance," and the assignee a "purchaser," within the meaning of those terms as employed in the registry acts quoted, we think the proper interpretation of Section 260, _supra_, avails to confer upon appellant the prior right. Although appellant's assignor, Wallace, at the time he took and caused to be recorded the Diehl mortgages, had actual knowledge of respondent's prior unrecorded mortgage, yet he was not, and for an obvious reason could not be, charged with constructive notice thereof. Appellant purchased these mortgages, then of record, for value, and also in good faith; that is, without notice, actual or constructive, of the prior mortgage concerning which the record continued to remain silent. Proceeding, then, upon the assumption that the assignment of a mortgage is a "conveyance," and the assignee a "purchaser," within the recording statutes, we are nevertheless of the opinion that appellant, under these circumstances, succeeded to all the rights of Wallace as a mortgagee without constructive notice, and, in addition to such rights, became clothed with immunity as a purchaser in good faith and for a valuable consideration of the Diehl mortgages, whose own conveyances, to-wit, the mortgages, were first duly recorded. He acquired all the interest held by Wallace, and may claim whatever security is afforded by his grantor's recorded muniments of title, superadded to the protection gained by his own purchase for value and without actual notice. The mortgages from Diehl to Wallace were perfectly good between them, and were valid in the hands of

Wallace, but not enforceable by him to the prejudice of the prior mortgage to respondent of which he had actual notice. Wallace placed these mortgages on record and then indorsed the notes, the payment of which the mortgages secured, to appellant. When appellant purchased the notes so indorsed, he had no actual notice of the first mortgage, and the record certified the mortgages assigned to him by indorsement of the notes to be the first liens upon the lots. The omission of respondent to record its mortgage created an assurance, as if by statute, that it did not exist, and the priority to which respondent's mortgage would have been otherwise entitled is lost. The conveyances under which appellant claims are the mortgages. They are his own conveyances, within the meaning of the recording acts, and they were first duly recorded.

In his dissenting opinion in *Westbrook* v. *Gleason*, 79 N. Y., at pages 37 to 44, Judge Danforth had occasion to express views which, in so far as applicable to this case, we believe are correct. It is to be remembered that the recording act of New York declares the assignee of a mortgage to be a ''purchaser'' of real estate, and a ''conveyance'' to include an assignment of the mortgage. He said in part: ''It is in accordance with equity that, as between himself and the defendant, the plaintiff should suffer the consequences of his own negligence in omitting to record his mortgage, and that he should not now be permitted, to the defendant's prejudice, to assert a priority for his mortgage which, by the express provision of law, is, because unrecorded, void as against one standing in the position of the defendant. (Citing the section of the New York statutes similar to Section 260, *supra.*) It is true that the assignment to the defendant was not recorded until after the pla'ntiff had placed his mortgage on record, but that is immaterial. The registry of the Jones mortgage serves the defendant.'' The mortgagee in that case, as in the case at bar, was affected with actual notice of a prior unrecorded mortgage.

Judge Danforth continues: ''This was the doctrine in *Hooker* v. *Pierce*, 2 Hill, 650, where, speaking of certain con-

flicting claims to land arising on different conveyances, the court say: 'The registry of the grantor's deed inures, in the nature of things, to the benefit of all those who claim under him. They become entitled to use all his habiliments of title as their own. They might acquire a better title than he, but cannot be considered as having taken less. He being without constructive notice, they are not affected. It is enough that they personally act in good faith, as the jury found them to have done. This finding frees them from all imputation of notice.' The rule, and the reason of it, apply here.   *   *   *
Gleason, by the assignment of the Jones mortgage, became a purchaser *sub modo*. He acquired the interest in the real estate which the mortgagee took by the mortgage, and he is to that extent a purchaser, not only of the mortgage, but of the interest which is conveyed by it, and, as he became such in good faith and for a valuable consideration, he takes his title under that mortgage unaffected by the mortgage then unrecorded, which the plaintiff now seeks to enforce. I am thus led to the conclusion that the defendant is protected by the recording act from the consequences of notice to the mortgagee, and no other defect in his title is suggested.''

Appellant purchased negotiable paper before its maturity, in good faith and for value. Its payment was secured by mortgages then of record, which he acquired with the indorsement of the paper to him. Respondent's prior mortgage was not of record, nor did appellant have any notice of its existence. The equities, as well as the law, are with appellant.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial, in accordance with the views expressed in this opinion.

*Reversed and Remanded.*

PEMBERTON, C. J., concurs.

HUNT, J.   I concur in the decision and the opinion upon the first two grounds, but express no opinion upon the third proposition discussed by JUSTICE PIGOTT.