BECK'S SERVICE STATIONS, INC., v. SUN OIL CO.

1. LANDLORD AND TENANT—BREACH OF LEASE ENTITLED LESSOR TO
   POSSESSION.
   Breach of condition in oil filling station lease requiring exclusive
   sale of lessor's products by lessees entitled lessor to possession.

2. SAME—FORCIBLE ENTRY.
   Sublessees' voluntary delivery of possession to lessor after
   lessees' breach of condition in lease made lessor's entry peace-
   able, and left no right of action for forcible entry in lessees.

3. SAME—SUBSEQUENT FORCE AFTER PEACEABLE ENTRY.
   Retention of possession by lessor by force after peaceable entry
   did not relate back and make lessor guilty of forcible entry.

Appeal from Jackson; Simpson (John), J. Sub-
mitted May 9, 1932. (Docket No. 177, Calendar
No. 35,951.) Decided June 6, 1932.

Case by Beck's Service Stations, Inc., a Michigan
corporation, and others against Sun Oil Company,
a New Jersey corporation, for forcible entry on
leased premises. Directed verdict and judgment for
defendant. Plaintiffs appeal. Affirmed.

*F. L. Blackman,* for plaintiffs.

*Whiting, Kleinstiver & Aubrey,* for defendant.

FEAD, J. In April, 1927, defendant leased two oil
and gasoline filling stations to plaintiffs Beck, then
copartners, a condition of the lease being the ex-
clusive sale of defendant's products at the stations.
In July, 1927, with defendant's written consent,

plaintiffs orally sublet the stations at monthly rentals.

About October, 1928, plaintiffs discontinued the use of defendant's products in their various stations and required the sublessees in the premises leased from defendant to use the products of others. For this breach of the leases, defendant demanded possession of the stations, and the sublessees peaceably surrendered it, although plaintiffs had told them not to do so. After defendant had taken peaceable possession of the stations, plaintiffs tried to regain it by force, and were repelled by force.

The action is for damages for forcible entry. Defendant had directed verdict and judgment.

Defendant was entitled to possession because of plaintiffs' breach of the leases. As between plaintiffs and the sublessees, the latter had both possession and right of possession. Their voluntary delivery of possession to defendant made defendant's entry peaceable and left no right of action for forcible entry in plaintiffs. *Vincent* v. *Brant,* 101 Mich. 60. The subsequent retention of possession by force did not relate back and make defendant guilty of forcible entry. *Richter* v. *Cordes,* 100 Mich. 278.

Judgment affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.