SHELDON, RESPONDENT, *v.* POWELL, APPELLANT.

(No. 1,953.)

(Submitted October 1, 1904. Decided October 27, 1904.)

*Deeds — Failure to Record — Subsequent Purchaser — Good Faith — Burden of Proof — Evidence — Appeal from Judgment.*

1. Payment of taxes by the grantee in an unrecorded deed is not notice to a subsequent purchaser.

2. The burden is on the grantee in an unrecorded deed to show that a subsequent purchaser had notice.

3. After conveyance to plaintiff by a deed which was not recorded, the grantor applied to defendant for a loan on the land, stating that it was fenced, and a part of it plowed. Defendant examined the title, and went to the land, finding more plowed than had been represented, and also that the fence inclosed other land which belonged to plaintiff. *Held*, that defendant was guilty of no fraud in taking a conveyance of the land as security for the loan.

4. On appeal from the judgment only, the record may be examined to determine whether there is any evidence to support the finding.

*Appeal from District Court, Cascade County; D. F. Smith, Judge.*

ACTION by Frank Sheldon against Frank E. Powell. From a judgment for plaintiff, defendant appeals. Reversed.

*Mr. Ransom Cooper,* for Appellant.

Citing: *Hull* v. *Diehl,* 21 Mont. 71; *Le Neve* v. *Le Neve,* Ambler, 436; *Shotwell* v. *Harrison,* 22 Mich. 425; *Smith* v. *Yule,* 31 Cal. 180; *Fair* v. *Stevenot,* 29 Cal. 490; *Scheerer* v. *Cuddy,* 85 Cal. 270; *Pell* v. *McElroy,* 36 Cal. 268; *Emeric* v. *Alvarado,* 27 Pac. 356; Civil Code, Secs. 1641, 1644, 1651; *Brown* v. *Volkening,* 64 N. Y. 76; *Page* v. *Waring,* 76 N. Y. 465; *Crossen* v. *Oliver,* (Ore.) 61 Pac. 885; *Godfrey* v. *Disbro,* Walker's Ch. Reports, 265; *Atwood* v. *Bearss,* 47 Mich. 72; *Ely* v. *Wilcox,* 20 Wis. 551.

*Mr. Preston H. Leslie,* and *Messrs. Greene & Cockrill,* for Respondent.

The possession of the grantee under a prior deed is notice of the title under which he claims. (Tiedeman on Real Property, Sec. 1819.) This rule arises from the common-law feoffment and livery of seisin.

Where a party has an equity and also actual possession of the property, a purchaser of the legal title from the grantor out of

possession is bound to take notice of the equity; and the result should be the same whether the possession is deemed to impart notice *per se,* or is treated as evidence of notice. (*Stoneseifer* v. *Kilburn,* 122 Cal. 659; *Hyde* v. *Mangan,* 88 Cal. 319; *Haddock* v. *Wilmarth,* 5 N. H. 188.)

Open, notorious and exclusive possession of real estate is sufficient to put a purchaser upon inquiry as to the interest, legal or equitable, held by the possessor. (*Dutton* v. *Warschauer,* 21 Cal. 609; *Scheerer* v. *Cuddy,* 85 Cal. 270.)

"The actual possession of land, with the exercise of the usual acts of ownership, operate in law as constructive notice to all the world of the claim of title under which the possessor holds." (*Talbot* v. *Singleton,* 42 Cal. 391; *Pritchard* v. *Brown,* 17 Am. Dec. 431; *New* v. *Wheaton,* 24 Minn. 406; *Brown* v. *Gaffney,* 28 Ill. 149.)

"One who purchases and obtains a conveyance of land at the time in the open and notorious possession of another who has a prior deed, takes notice of the title under the unrecorded deed." (*Landers* v. *Bolton,* 26 Cal. 393; *Daubenpeck* v. *Platt,* 22 Cal. 330; *Toland* v. *Torey,* 24 Pac. 191.)

"Open and notorious and exclusive possession of a prior grantee in an unrecorded deed is sufficient to put a subsequent purchaser whose deed is first recorded upon inquiry, and such possession is sufficient evidence of notice unless a subsequent purchaser make due inquiry and fails to attain knowledge of the unrecorded deed." (*Fair* v. *Stevenot,* 29 Cal. 486.)

"And the failure to make inquiry places the second purchaser in no better light than if he had ascertained the real claim of the occupant." (*Scheerer* v. *Cuddy,* 85 Cal. 273; *Hyde* v. *Mangan,* 88 Cal. 319.)

"The presumption of knowledge can only be rebutted on the part of the second purchaser or those claiming under him by explicit proof of diligent and unavailing effort by the vendee to discover or obtain actual notice of any legal or equitable rights of the party in possession." (*Pell* v. *McElroy,* 36 Cal.

269; *O'Rourke* v. *O'Connor*, 39 Cal. 447; *Bank of M.* v. *Baker*, 82 Cal. 117, commenting on *Fair* v. *Sterenot*, 29 Cal. 490; *Scheerer* v. *Cuddy*, 85 Cal. 273.)

"One who purchases land in the possession of a third person has no right to rely upon the record title alone in making the purchase, but is bound to look beyond the record title for the purpose of ascertaining what right and equities, if any, the party in possession has in the premises." (*Security Loan & Trust Co.* v. *Wilamette Steam Mills*, 99 Cal. 636; *Brighton* v. *Doyle*, 25 Atl. 694.)

That the testimony and evidence does tend to prove the contention of the plaintiff is beyond a question of doubt. Our statute, Section 488, Code of Civil Procedure, indicates what is possession under a paper title. "The burden of proof of inquiry is upon the second purchaser." (*Scheerer* v. *Cuddy*, 85 Cal. 270; *Wallace* v. *Moody*, 26 Cal. 387; *Heman* v. *Levy*, 55 Cal. 118; *Pell* v. *McElroy*, 36 Cal. 268; *Havens* v. *Dale*, 18 Cal. 359.)

"Whatever will put one on inquiry is enough." (*Sigourney* v. *Munn*, 7 Conn. 324; *Troup* v. *Hurlbert*, 10 Barb. 354; Sec. 4667, Civil Code of Montana; *McAdow* v. *Black*, 6 Mont. 601-608.)

The appeal is from the judgment, and not from an order overruling a motion for a new trial, and therefore the evidence is not before the court as to its sufficiency. (*Emerson* v. *Eldorado Ditch Co.*, 18 Mont. 257; *Withers* v. *Kemfer*, 25 Mont. 432; *Largey* v. *Sedman*, 3 Mont. 476; *Lloyd* v. *Sullivan*, 9 Mont. 589.)

MR. COMMISSIONER POORMAN prepared the following opinion for the court:

This is an action to quiet title to certain lands situate in Cascade county; the plaintiff claiming title to them under a deed, and seeking to set aside a subsequent conveyance made to the defendant, which was recorded prior to the plaintiff's deed. The

questions involved were submitted to a jury, which found for the plaintiff. The court adopted the findings of the jury and rendered judgment for the plaintiff. Defendant has appealed from the judgment.

The material facts appearing in the record are that one Gus Streid made final proof on his homestead entry on February 10, 1900; that on that or the succeeding day he conveyed the land to the plaintiff by a deed; that the final receipt issued by the receiver to Streid was never recorded, and the deed executed and delivered by him to the plaintiff was not recorded until March 14, 1901; that the plaintiff, immediately after the execution of the deed to him, took possession of the land, made some improvements by plowing and farming the same during the year 1900, and also seeded a part of the land in the spring of 1901, leaving some of his farming implements on the ground; that plaintiff had fenced the land, inclosing it in large fields with other land owned by him; that the land was assessed to plaintiff in 1900 and 1901; that he paid taxes thereon, but that plaintiff never resided upon the land; that early in March, 1901, Streid made application to one Sires to obtain a loan. Sires, not desiring to loan money at this time, introduced Streid to the defendant, to whom Streid then made application for the loan, offering this land as security. Defendant desiring to see the land, Streid procured a team and went with the defendant, and they together looked over the land; Streid telling the defendant that he had fenced the land, and had plowed about twenty acres of it. There was no one on the land at this time, nor was there any house on it, except a broken-down shack that was uninhabitable. Defendant then returned to Great Falls, went to the office of the county clerk and recorder, and examined the title to the land, and found that the only instrument on record relating thereto was the government patent to Streid, which Streid then had in his possession, dated November 28, 1900, and recorded March 6, 1901. Defendant then loaned Streid $350, and as security therefor, on March 11, 1901, Streid executed and de-

livered to defendant a bargain and sale deed to the land, which deed was recorded March 11, 1901, three days prior to the recording of plaintiff's deed. The question is, which of these deeds, under this state of facts, should take the preference?

Section 1641 of the Civil Code provides: "Every conveyance of real property other than a lease for a term not exceeding one year, is void as against any subsequent purchaser or incumbrancer, including an assignee of a mortgage, lease, or other conditional estate, of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded." This section unequivocally makes all unrecorded deeds and conveyances, except leases for one year, void as to subsequent purchasers and incumbrancers in good faith and for a valuable consideration. Section 1644, however, provides: "An unrecorded instrument is valid as between the parties and those who have notice thereof." It therefore becomes material to inquire what kind of notice is required by this latter section—whether possession is sufficient notice, and, if so, what kind of possession; whether the payment of taxes is sufficient notice, and on whom is the burden of proof?

Before the enactment of the recording laws, the only means a purchaser had of ascertaining whether his grantor had made a prior conveyance was by inquiry of the party in possession of the land, if occupied, and of those living in the vicinity. Long experience demonstrated that title or claim to title predicated upon information received by inquiriy of those who had no right to inquire into the prior ownership of land in which they had no interest, and whose conclusions might therefore be based upon casual observation or rumor, was productive not only of error, but actual fraud. To avoid what thus proved to be an evil, recording laws were enacted. These laws not only serve the double purpose of protecting *bona fide* purchasers and of affording owners of land an opportunity of preserving their evidence of title, but of affording an opportunity for the acquisition of information in the preparation of valuable statistics relative to

economic conditions, and also of aiding in the preparation of assessment lists. If the same inquiry must be made now as before the laws were enacted, of what use are these laws to the purchaser? We do not understand that such is the contention of counsel, but these laws undoubtedly at least limit the extent of such inquiry.

Chief Justice Campbell, in the dissenting opinion filed by him in *Shotwell* v. *Harrison,* 22 Mich. 426, says: "The leading case of *Le Neve* v. *Le Neve,* Ambler, 436, was the first in which it was held that a priority of record could be assailed in any court, and the doctrine has ever since been maintained that it may be done, but only by the most convincing proof of fraud, by notice or by want of consideration which raises a constructive fraud. Fraud is the only ground of interference, and it cannot be presumed. The doctrine which assumes this without proof is at war with all the recognized legal presumptions, and I cannot but regard it as dangerous and unreasonable."

In *Page* v. *Waring,* 76 N. Y. 463, it is said: "Such possession under an unrecorded deed as will amount to notice to a subsequent purchaser must be under the unrecorded deed, and must be actual, open and visible, so that the subsequent grantee could go upon the lands and obtain by inquiriy there information of the unrecorded deed." The same doctrine is held in *Brown* v. *Volkening,* 64 N. Y. 76.

In *Crossen* v. *Oliver,* 37 Oregon, 514, 61 Pac. 885, the Supreme Court of Oregon sustained the following instruction with reference to a similar question: "The notice that will render a party a lienholder in bad faith must be something more than would excite the suspicion of a cautious and wary person. It must be so clear and undoubted with respect to the existence of a prior right as to make it fraudulent in him afterwards to take and hold the property. In this case notice or knowledge that would bind Turner Oliver, and render his judgment subject to the unrecorded deed of Crossen, must be either actual knowledge of the existence of this deed, or actual notice of such facts and

circumstances as would have enabled him, by following up such information, to have ascertained that Crossen held this deed and claimed this land."

In *Godfroy v. Disbrow,* Walk. Ch. (Mich.) 260, it is held "that the presumption of law is that a subsequent purchaser who has got his deed first recorded is a *bona fide* purchaser without notice, until the contrary is made to appear." See, also, *Atwood v. Bearss,* 47 Mich. 72, 10 N. W. 113.

The payment of taxes on this land by the plaintiff was not of itself, under the law, constructive notice to the defendant that the plaintiff owned or claimed it.

These three questions herein discussed were reviewed by this court in the well-considered case of *Mullins v. Butte Hardware Co.,* 25 Mont. 525, 65 Pac. 1004, 87 Am. St. Rep. 430, in which the court said: "The law is well settled that the actual, visible, notorious, continuous, exclusive and unequivocal possession of 'a definite tract of land by one rightfully in possession or holding under a valid title is a constructive notice to subsequent purchasers and incumbrancers of whatever estate or interest in the land is held by the occupant, equivalent in its extent and effects to the notice given by the recording or registration of his title.' (2 Pomeroy's Equity Jurisprudence, Sec. 615.) Such possession is evidence of some right or title in the occupant, and is sufficient to put a subsequent purchaser or incumbrancer on inquiry as to the rights of the person then in possession." Exceptions are then given to this general rule. The court further says: "The suggestion that the records of the county treasurer's office showing that each of several occupants paid taxes on the parcel of ground in his possession were sufficient to put the appellants upon inquiry has already been considered, but may be further answered by saying that such records are not of themselves constructive notice to purchasers or incumbrancers of the fact that certain persons have paid taxes. We are not advised of any statute which declares the record of the payment of taxes to have that effect." Quoting from the decision in

*Hull* v. *Diehl,* 21 Mont. 71, 52 Pac. 782, the court further says:
"We are, however, satisfied that the good faith of the purchaser
will sufficiently appear by proof of the record of conveyances
showing title in his grantor at the time of the purchase, upon
which record he had the right to rely, and is presumed to have
relied. If he had actual notice of the prior conveyance, this is
a fact affirmative in its nature, and it is therefore more reason-
able to require it to be shown by the party claiming under the
prior unrecorded deed than to call upon the purchaser to prove
the negative." The court also quotes with approval a part of the
decision in *Anthony* v. *Wheeler,* 130 Ill. 128, 22 N. E. 494, 17
Am. St. Rep. 288, note, to the effect "that one claiming title to
land by a deed to him purporting to be made for a valuable con-
sideration is presumed to be a purchaser in good faith, without
notice of prior unrecorded deeds, until the contrary is shown,
and that the burden of proof to show notice and want of good
faith is on the party attacking the deed."

In the trial of the case at bar the burden was by the trial court
cast upon the defendant to show that he was not guilty of fraud
in taking this second conveyance. This was error, for, under
the decision in the *Mullins Case,* above quoted, the burden was
upon the plaintiff to show that the defendant had notice, either
actual or constructive, of this prior unrecorded deed.

The evidence in this cause not only fails to show that the
defendant was guilty of any fraud whatsoever in accepting this
second conveyance, but does show that the defendant had taken
all the precaution which the law required of him. Streid was
introduced to him by a friend, and made application for a loan.
The defendant did not solicit the purchase of the land, but, after
the application was made, he went to the land in company with
Streid. Streid told him that he had fenced the land, and had
plowed a part of it. He found nothing to indicate that Streid's
statements were not true. The defendant then went to the
records, and found that there had been no conveyance recorded
except the patent from the United States to Streid, and Streid
had possession of the patent. The mere fact that the fence in-

closing the land also inclosed other lands, or that there was more land plowed than Streid estimated that he had plowed, were in no manner contradictory of the recorded title in Streid.

It is contended that, as this is an appeal from the judgment only, resort to the record may not be had to determine the sufficiency of the evidence. This is the rule where there is any substantial conflict in the evidence; but this court may examine the record to determine whether, as a matter of fact, there is any evidence to support the findings. (*Whalen* v. *Harrison,* 26 Mont. 316, 67 Pac. 934; *Mahoney* v. *Dixon,* 31 Mont. 107, 77 Pac. 519.) An examination of the record discloses that there is not any evidence to support the findings of the court, and for this reason we recommend that the judgment be reversed and the cause remanded.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment is reversed and the cause remanded.

