WILLIAM ZIER, JACOB ZIER, HERMAN ZIER, FRED ZIER, AND GEORGE ZIER, PLAINTIFFS AND APPELLANTS, v. GEORGE OSTEN, ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF JOHN GEORGE ZIER, DECEASED, AND LUCIE ZIER, DEFENDANTS AND RESPONDENTS.

No. 9841.
Submitted April 22, 1959. Decided July 22, 1959.
342 Pac. (2d) 1076.

Kelly, Taylor & Keefer, Billings, K. M. Bridenstine, Choteau, for appellants.

William T. Kelly, Billings, argued orally for appellants.

Mouat & Overfelt, Billings, for respondents.

William G. Mouat, Billings, argued orally for respondents.

MR. JUSTICE ANGSTMAN:

Plaintiffs brought this action seeking an adjudication that they are the owners of certain described property situated in Yellowstone County.

The first cause of action alleges in substance that title to the property stands in the names of plaintiffs by virtue of a deed executed on November 14, 1950, and recorded March 25, 1954, made by John George Zier as grantor to the plaintiffs as

grantees; that the property was purchased with money of plaintiffs and the deed was taken through inadvertence and mistake in the name of John George Zier who never held any interest therein other than as trustee for these plaintiffs.

For a second cause of action plaintiffs alleged the same facts as alleged and contained in the first cause of action, and in addition it is alleged that John George Zier in an attempt to correct the transfer inadvertently made to him, executed a deed on November 14, 1950, conveying the property to these plaintiffs which deed was recorded on March 25, 1954; that defendant administrator and Lucie Zier, widow of John Zier, claim some interest in the property but which claim is without right; that the property is not capable of being equally divided and hence that a sale should be had and a division of the proceeds made between plaintiffs.

General demurrers to the complaint were overruled and defendants answered. The gist of the answer of defendant Lucie Zier is that on December 16, 1953, John George Zier executed an antenuptial agreement whereby he granted to her a life estate in the property involved and on the same day made a will giving effect to the antenuptial agreement; that the antenuptial agreement was filed of record prior to the recording of the deed from John George Zier to plaintiffs; and that Lucie Zier be declared to have a life estate in the property.

The answer of defendant administrator, George Osten, may be treated as a general denial.

The reply admits the making of the antenuptial agreement and the will and that the agreement was recorded prior to the deed from John George Zier to plaintiffs, but denies that John George Zier had any right or interest in the property in question when he made the antenuptial agreement.

When the cause came on for trial and before any evidence was introduced defendants made a motion for judgment on the pleadings. This motion was granted. Plaintiff thereupon requested the court to render findings of fact and conclusions

of law. This was done. It is an unusual thing to make findings of fact when no evidence was taken.

However since the court simply found those facts which the ▮ pleadings admitted there was no harm done by making them. This court would simply look to the pleadings to ascertain whether they tender any material, disputed issues. If not the judgment would be upheld. In other words the test of whether the motion for judgment on the pleadings is well taken is whether the undisputed facts warrant such a judgment. The denial of immaterial matters does not alter the rule.

Plaintiffs contend that, under our statute section 86-103, ▮ R.C.M. 1947, when a transfer is made to one person and the consideration is paid by another a trust is presumed to arise in favor of the person making the payment. There is no question about the accuracy of that contention. But plaintiffs overlook the equally well-settled rule that such trust property cannot be followed and impressed against one who is a bona fide purchaser for value without notice.

The latter rule is stated in 90 C.J.S. Trusts, section 442, page 852, as follows:

"As a general rule, trust property cannot be followed and impressed with the trust as against one who occupies the position of a bona fide purchaser or encumbrancer for value without notice of the trust, including a purchaser without notice from a purchaser with notice."

And to the same effect is 54 Am. Jur., Trusts, section 266, page 209.

This court has recognized the rule in Montana-Wyoming Ass'n of Credit Men v. Commercial Bank, 80 Mont. 174, 259 Pac. 1060, and this is the effect of our recording statutes.

R.C.M. 1947, section 36-123, provides for the making of marriage settlement contracts.

Section 36-125 provides:

"The recording or nonrecording of such contract has a like effect as the recording or nonrecording of a grant of real property."

Section 73-202 provides:

"Every conveyance of real property, other than a lease for a term not exceeding one year, is void against any subsequent purchaser or encumbrancer, including an assignee of a mortgage, lease, or other conditional estate, of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded."

And section 73-205 provides:

"An unrecorded instrument is valid as between the parties and those who have notice thereof."

The difficulty in this case is that nowhere in the pleadings is there any suggestion as to whether defendant Lucie Zier had actual notice of the trust at the time of the making of the marriage settlement.

This makes it necessary to consider the question as to who had the burden of alleging facts showing that Lucie Zier was or was not an innocent purchaser for value without notice.

On that point the authorities are divided. Many cases hold that one claiming protection as a bona fide purchaser without notice has the burden of showing that his purchase was made without notice of a prior unrecorded conveyance.

Those cases are listed in the note in 107 A.L.R. 517.

About an equal number of cases place the burden on the one claiming under an unrecorded instrument to show that the subsequent purchaser purchased with notice of the unrecorded instrument. They are listed on page 519 of 107 A.L.R.

Montana is listed with the latter line of cases. The question was squarely decided in Hull v. Diehl, 21 Mont. 71, 76, 52 Pac. 782, 783. The court in that case said: "We are, however, satisfied that the good faith of the purchaser will sufficiently appear by proof of the record of conyevances showing title in his grantor at the time of the purchase, upon which record he had the right to rely and is presumed to have relied. If he had actual notice of the prior conveyance, 'this is a fact affirmative in its nature, and it is therefore more reasonable to require it to be shown by the party claiming under the prior

unrecorded deed than to call upon the purchaser to prove the negative.' [Citing cases.] We think this is the better rule, and therefore, on the record before us, and for the purposes of this appeal, it must be presumed that appellant purchased the mortgages in good faith.''

Such rule has been consistently adhered to by this court. Sheldon v. Powell, 31 Mont. 249, 78 Pac. 491, 107 Am. St. Rep. 429; Mullins v. Butte Hardware Co., 25 Mont. 525, 65 Pac. 1004, 87 Am. St. Rep. 430.

Here the undisputed facts show that on December 16, 1953, the date when the antenuptial agreement was made, the legal title to the property in question stood in the name of John George Zier; that the antenuptial agreement was recorded prior to March 25, 1954, the date of the deed by John George Zier transferring the property to plaintiffs.

Since plaintiffs failed to allege actual notice on the part of Lucie Zier of their interest in the property at the time of the making of the antenuptial agreement, judgment on the pleadings was warranted.

We have heretofore condemned the practice of making a motion for judgment on the pleadings on the day of the trial. Rader v. Taylor, Mont. 1958, 333 Pac. (2d) 480. The proper way to have raised the question presented here was to have demurred to the reply (section 93-3604). Plaintiffs would then have had an opportunity to amend the reply (section 93-3907) if they were able to allege and prove that Lucie Zier had actual notice of their interest at the time of making the antenuptial agreement. Instead of affirming the judgment, we think in the interest of justice plaintiffs should be given the opportunity to amend their reply within a time to be fixed by the court if they care to do so and failing in that, the judgment will stand affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES BOTTOMLY and ADAIR, concur.