CORA E. JOY, PLAINTIFF *v*. FORREST LITTLE AND LAVON LITTLE, HIS WIFE, AND LEE JOY AND BERNIECE E. JOY, HIS WIFE, CROSS COMPLAINANTS AND RESPONDENTS, *v*. FORREST LITTLE AND LAVON LITTLE, HIS WIFE, CROSS-DEFENDANTS AND APPELLANTS.

No. 10108.
Submitted June 15, 1960. Decided August 25, 1960.
354 P.2d 1035.

Emigh & Carmichael, Butte, Theodore F. McFadden and Frank Davis, Dillon, for appellants. Theodore J. McFadden argued orally.

Corette, Smith & Dean, Butte, Collins & Burns, Dillon, for respondents. John Collins and Kendrick Smith argued orally.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment in favor of the cross-complainants on the pleadings and an order in favor of the cross-complainants striking the amended answer of the cross-defendants *in toto*.

This is the second appeal in this action, the first appeal having been reported as Joy v. Little, 134 Mont. 82, 328 P.2d 636. This action involves the rights of parties to a written contract for the sale of real estate and personal property.

Lee Joy and his wife Berniece, cross-complainants in this action, were the sellers and Forrest Little and his wife LaVon, cross-defendants in this action, were the buyers. Hereinafter cross-complainants will be referred to as sellers and cross-defendants will be referred to as buyers. The contract was entered into on February 28, 1952, and named a consideration of $87,500, of which $5,000 was paid at or prior to the time of signing the contract and $20,375 was to be paid on or before March 1, 1952, and $5,177.08 on the first day of March each year thereafter until payment was made in full. The time and amount of certain installment payments was later changed by supplemental written agreements. The contract recited that in the event of default on the part of the buyers in any of the payments for a period of thirty days, the balance of the purchase price then

remaining unpaid, together with accrued interest, would become immediately due and payable, ''or at the option of the Sellers'' all rights acquired by the buyers would become ''void and of no further force or effect'' and that upon the exercise of such option by the sellers, the ''Buyers shall not be entitled to the return of all or any part of the moneys theretofore paid by them pursuant to the terms and conditions of this contract, and all such moneys shall be deemed and considered as rental for the use and occupation of said lands and premises and the use of said personal property by the Buyers up to the time of default, and as liquidated damages for such default, and not as a penalty.''

The contract also provided for a lien against the land in favor of Cora E. Joy, mother of Lee Joy, one of the sellers, to secure payment of certain sums of money to thereafter become due her from the sellers.

The buyers took possession of the property on March 3, 1952, and remained in possession until about May 16, 1956. The buyers paid in excess of $33,000 on the purchase price, inclusive of interest, but failed to pay the installment coming due on March 1, 1954.

The original action in this case was brought by Cora E. Joy, as plaintiff, to foreclose the lien for her benefit. She joined as defendants both the buyers and sellers. The sellers filed a cross-complaint against the buyers setting out the foregoing facts and alleging that they had performed all things required of them under the contract as modified except that they had not deposited in escrow certain instruments mentioned in the contract until April 22, 1954, but alleging that the buyers have ''failed, neglected and wilfully refused to perform the obligations required of them'' under the contract as modified. They further alleged that the buyers have been guilty of wilfull breaches of the contract in several specified particulars, and that on June 1, 1954, the sellers served notice upon the buyers reciting that the buyers ''have failed and refused to carry out the terms,

provisions and covenants of said agreements to be performed by them and have failed * * * and refused to make the payment of principal and interest due on March 1, 1954, * * * and said default having continued for a period of more than thirty (30) days, the undersigned hereby give notice to said [Buyers] that the entire balance of the purchase price, including principal and interest, under said agreement is now due and payable and demand is hereby made for the payment of the same.

"* * * that under said agreements hereinbefore referred to, there has heretofore been deposited with the State Bank and Trust Company at Dillon, Montana, all of the documents and instruments required to be filed and deposited by the undersigned with said Bank."

The sellers then gave the buyers notice, by letter, that if they did not pay the entire sum before December 20, 1954, that the agreement of February 28, 1952, "will terminate, and your said failure will terminate all of your rights under said contract as so amended, together with all payments heretofore made by you thereon, and all such monies shall be deemed and considered as rental for the use and occupation of the land and premises and use of the personal property by you up to said date and as liquidated damages for such default, and all your defaults, and not as a penalty." With this letter the sellers also served the buyers with another copy of the notice dated June 1, 1954.

The buyers filed an answer to the cross-complaint which contained admissions, denials and an affirmative defense. The affirmative defense alleged failure of the sellers to execute and deliver in escrow certain necessary papers as provided by the contract; that the buyers had paid in excess of $33,000 on the contract and had made certain improvements on the property involving expenditures of more than $1,300, and alleged the failure of the sellers to meet their obligations under the contract in several particulars; that on March 31, 1954, they, as buyers, rescinded the contract by giving a notice to the sellers. The grounds set out in this notice for the rescission of the contract

by the buyers were that the sellers had not delivered in escrow for nearly two years the abstract of title to real property, bill of sale to personal property, assignment of state land lease, Taylor Grazing permit, and copy of the contract as provided in the contract; that the sellers would not allow the buyers to assign the contract; that the contract is so indefinite and uncertain that it is unenforceable; and any other grounds which might be available. This notice was accompanied by an offer on the part of the buyers ''to restore to you everything of value which the [Buyers] have received from you pursuant to said contract, and to surrender to you the possession of all of said properties agreed to be sold and purchased in and by said contract and to do and perform all acts which might be necessary or proper in order to restore to you the properties and things of value received from you pursuant to said contract, as fully and completely as if said contract had never been made, upon the condition that you likewise restore to the undersigned everything of value which you have received from the undersigned pursuant to said contract, as fully and completely as if said contract had never been made.''

The sellers joined issue by filing a reply to the affirmative defense of the buyers.

The first trial of the cause was tried to the court sitting without a jury. Findings of fact and conclusions of law followed, in which the court found that the buyers were not entitled to rescind the contract and that the sellers are entitled to possession of the property and that the rights of the buyers have terminated. The court went on to find that the reasonable rental value of the property is $7,000 per year; that the buyers fed hay of the value of $1,000; that it would be inequitable for the sellers to retain what has been paid by the buyers less the actual rental of $7,000 per year and the $1,000 for the value of the hay, and gave judgment to the buyers in the sum of $8,218.46, with interest, subject to the lien in favor of Cora E. Joy. The sellers appealed so much of these findings as were against them to this

court, and we held that the action of the district court was based on section 17-102, R.C.M. 1947, which relates to relief in case of forfeiture; that the pleadings did not purport to make out a case under this section as a defense for the buyers, and since the evidence was not before us we could not deem the pleadings amended so as to bring the action within section 17-102, supra. However, the cause was remanded for a new trial, and the buyers were allowed to amend their answer to attempt to make out a case under section 17-102, supra, if they could do so. The buyers made no cross-assignment of error, or supplied a bill of exceptions, or cross-appealed on this former appeal.

The buyers then amended their answer in an attempt to make out a case under section 17-102, supra. The district court rendered a judgment in favor of the sellers on the pleadings, as amended, and granted a motion in favor of the sellers, striking the amended answer of the buyers. The buyers have appealed from this decision of the district court.

At the outset of our decision, we would like to point out the fact that the buyers in this case have attempted to argue many claimed errors which they are precluded from arguing. The buyers did not bring an appeal of their own or attempt a cross-appeal or cross-assignment of error with a bill of exceptions upon the appeal of the sellers from the first decision of the district court within the six-month period as provided by section 93-8004, R.C.M. 1947. Therefore, all of the findings of fact and conclusions of law, which were made in the district court, in the first trial of this cause, are conclusive except the one ground on which this court remanded in the first appeal, namely, leave for the buyers to attempt to make out a case under section 17-102.

The buyers' specifications of error resolve themselves into three main contentions for our consideration on this appeal.

The first contention being that the sellers' cross-complaint is

insufficient and affirmatively shows that they have no cause of action.

The theory of the buyers is that since the sellers' motion for judgment on the pleadings searches the entire record, the sellers cannot recover since their cross-complaint does not state a cause of action. In asserting that the cross-complaint of the sellers does not state a cause of action, the buyers quote at length from the case of Silfvast v. Asplund, 93 Mont. 584, 20 P.2d 631. The buyers claim that the sellers must be prepared to give the buyers marketable title at the time set for performance, and when the sellers gave notice that all of the payments would become due and payable on December 20, 1954, the time for performance was changed to that date, and they must be able to convey marketable title at that date or the contract is at an end and the buyers can recover all amounts paid less the reasonable rental value for the time they occupied the property. The buyers go on to claim that on December 20, 1954, the sellers could not so convey marketable title because there was a lien on the land in favor of Cora E. Joy which had not been satisfied.

However, there is a great difference in the facts in the Silfvast case, supra, and this case. In the Silfvast case, the deficiencies in the title were items that had occurred previous to the transaction of conveyance of title to the land. However, here the parties provided in their contract for the lien of Cora E. Joy and it was a contemplated encumbrance upon the title to the property.

Provision number 14 of the contract provides specifically for the creation of a lien on the property in favor of Cora E. Joy to insure payments to become due to her for the remainder of her life because of a previous sale of the property from her to the sellers.

In the first trial of this cause, the district court made a finding as follows:

"XIV. That the terms of the contract and the supplemental agreements thereto are sufficiently definite and cer-

tain and consistent as to constitute a meeting of the minds
and to constitute an enforceable contract; that the Littles
were sufficiently skilled in law, reading and understanding
and had sufficient experience in like matters of this nature
to understand the contract and other instruments executed
by them in connection therewith, and did read and under-
stand them at the time of their execution, and did not exe-
cute them as the result of any fraud or misrepresentation;
that they knew, among other things, that they were creating
a lien on the premises agreed to be sold in favor of Cora E.
Joy insuring the payment to her of the sum of $100.00 per
month for the term of her life.''

The contract supports this finding of the trial court and as
we have already noted this finding was unassailed by the buyers
and is therefore conclusive.

92 C.J.S. Vendor & Purchaser § 183, p. 14, states the rule
as follows:

"Accordingly, *unless there is a stipulation or provision in
the contract to the contrary,* there is an implied under-
taking on the part of the vendor, under an executory con-
tract of sale, to make and convey a good and marketable
title to the purchaser, free and clear from encumbrances or
any material defect." Emphasis supplied. See also Micheli
v. Taylor, 114 Colo. 258, 159 P.2d 912; Walton Land &
Timber Co. v. Long, 135 Fla. 843, 185 So. 839; LaSalle v.
LaPointe, 14 N.J. 476, 102 A.2d 761; Casriel v. King, 2
N.J. 45, 65 A.2d 514; Boekelheide v. Snyder, 71 S.D. 470,
26 N.W.2d 74.

In this case, it appears that the parties have made an
express stipulation that Cora E. Joy will have a lien on the land
as security for payments to her of $100 a month for the remain-
der of her life. The buyers knew and understood this provision
of the contract. They knew and understood that if they made
all of their payments before the death of Cora E. Joy she would
still have a lien on the property for her monthly payments. They

also impliedly knew that if it were ever necessary for the sellers to accelerate payments, that Cora E. Joy would still have the lien on the land if she were living. Therefore, we conclude that the creation of this lien was within the intention of the parties as expressed in the contract and that the buyers have waived this encumbrance as the basis for an attack upon marketable title. There is no deficiency in the cross-complaint of the sellers with respect to this lien in favor of Cora E. Joy.

The second contention of the buyers is that their answer is sufficient to make out a case under the provisions of section 17-102. Such section provides:

"Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a foreiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, wilful, or fraudulent breach of duty."

Upon the previous appeal of this case, we remanded with the sole right allowed the buyers to attempt to amend their answer to make out a case under section 17-102. To comply with this permission, the buyers must allege facts which show that the breach of the contract by them was not "grossly negligent, wilful, or fraudulent". So, we reach the question whether the buyers have alleged facts sufficient to bring them within section 17-102, and whether the lower court erred in granting sellers' motion for judgment on the pleadings.

In the recent case of Zier v. Osten, 135 Mont. 484, 487, 342 P.2d 1076, 1078, in passing on the sufficiency of a pleading tested by a motion for judgment on the pleadings this court, speaking through Mr. Justice Angstman stated: "This court would simply look to the pleadings to ascertain whether they tender any material disputed issues. If not the judgment would be upheld. In other words the test of whether the motion for judgment on the pleadings is well-taken is whether the undis-

puted facts warrant such a judgment. The denial of immaterial matters does not alter the rule.''

From our examination of this case and other authorities, we conclude that it is essential to the allowance of a motion for judgment on the pleadings that there be no material issue of fact on which the parties differ. In applying this rule to the facts of this case, an examination of the amended answer of the buyers is in order. Much of the amended answer is concerned with issues which were determined against the buyers on the first trial of the cause and are therefore inapplicable to the issue raised upon this appeal. The only issue which is open to the buyers now is whether or not they can state a defense under section 17-102. Therefore, we will examine only the portions of the amended answer that are concerned with this ground of defense.

The major breach with which the sellers are concerned is the alleged failure on the part of the buyers to make the payment of $3,000 which, in the terms of the amended contract, was due ''on or before March 1, 1954''. In their amended answer to the cross-complaint of the sellers, after alleging the breach of the contract by the sellers in not placing certain instruments in escrow at the proper times, the buyers in paragraph V of their affirmative defense allege:

> ''* * * That the [Buyers] did not at any time know, or have reason to know, of the existence of all or any of the breaches of said amended contract on the part of the [Sellers] in this paragraph above set out, until on or about the *30th day of March, 1954,*. when they were informed thereof by said Theodore F. McFadden, whom they had consulted and retained as their attorney in the premises on or about the 18th day of March, 1954.'' Emphasis supplied.

The buyers continued in paragraph VI as follows:

> ''That on the *31st day of March, 1954,* the [Buyers] served upon [Sellers] the Notice of Rescission, a copy whereof is hereunto annexed and by this reference made a part

hereof, wherein and whereby they notified [Sellers] that said amended contract * * * was rescinded upon the grounds and for the reasons as set forth in said Notice of Rescission; and that the [Buyers] duly performed all of the terms and conditions of said amended contract on their part to have been performed prior to the service upon [Sellers] of said notice rescinding said contract." Emphasis supplied.

In paragraph XII the buyers allege:

"That at the time they caused said Notice of Rescission * * * to be served upon [Sellers] [March 31, 1954], the [Buyers] were advised and in good faith believed, at all times since have been advised and in good faith believed, and are now advised and in good faith believe, that they were entitled to rescind said amended contract * * * upon each and every of the several grounds set out in said Notice of Rescission * * *.

"That because of said advice given to and in good faith believed by [Buyers], that they were entitled to rescind said contract and effected a complete rescission and termination thereof in virtue of having caused said Notice of Rescission to be served upon [Sellers], [Buyers] refrained from paying the installment in the sum of $3,000.00 which thereafter became payable under the terms of said contract *March 1, 1954,* or within 30 days thereafter, and for the purpose of protecting the lien so given them upon and against the same, continued in the possession of all of the property agreed to be sold in and by said contract then remaining in their hands to and until the 16th day of May, 1956." Emphasis supplied.

What have the buyers alleged in way of defense by the above-quoted excerpts from their amended answer? To make out a case which will allow them relief from forfeiture within section 17-102 the buyers must allege facts to show that their breach was not "grossly negligent, wilful or fraudulent." It would appear from close scrutiny of the amended answer of the buyers

that they are attempting to justify their breach on *March 1, 1954,* by alleging that they were advised, and in good faith believed, the sellers had themselves breached the contract before March 1, 1954. However, the buyers allege that the first time they knew of these alleged breaches on the part of the sellers was on *March 30, 1954,* when they were informed thereof by their attorney and that ever since *March 31, 1954,* they believed that they were themselves entitled to rescind the contract. The allegations of the buyers come down to this proposition — ''We believe that we are entitled to relief from forfeiture under section 17-102 for the reason that our breach on March 1, 1954, was not 'grossly negligent, wilful, or fraudulent.' The reason that our breach on *March 1, 1954,* was not 'grossly negligent, wilful, or fraudulent' is because we were informed on *March 30, 1954,* that the Sellers had breached the contract and we were advised, and honestly believed on *March 31, 1954,* that we were entitled to rescind the contract. For this reason we did not make the payment on March 1, 1954.'' These allegations of the amended answer do not make out a case in which section 17-102 can come into play since the buyers have alleged no facts to show that the breach of payment on March 1, 1954, was not ''grossly negligent, wilful, or fraudulent.'' We cannot conclude that the buyers have stated facts making out such a defense by alleging that the breach was justified by facts which came to their attention and advice received more than thirty days after the breach.

For this reason, we conclude that it was not error for the district court to allow the motion of the sellers for judgment on the pleadings, since the buyers have alleged no material facts to show that their breach was not ''grossly negligent, wilful, or fraudulent.''

Because of our conclusion concerning the judgment on the pleadings, we find it unnecessary to consider the district court's action in allowing the motion to strike the amended answer of the buyers.

■    The third contention of the buyers is that they should be entitled to relief from forfeiture even if they breached the contract and the breach was wilful. For this proposition the buyers cite authority from other jurisdictions and claim that this is the modern rationale.

There is no merit to this argument of the buyers. This argument is directly contrary to the express wording of section 17-102. The argument of the buyers is apparently based upon the theory of an asserted common-law principle. R.C.M. 1947, § 12-104, provides:

"In this state there is no common law in any case where the law is declared by the code or the statute; but where not so declared, if the same is applicable and of a general nature, and not in conflict with the code or other statutes, the common law shall be the law and rule of decision."

Section 17-102 explicitly points out that if the breach is wilful there will be no relief from forfeiture and no common-law principle can override this exacting statutory provision.

The judgment for the sellers, on the pleadings, is affirmed, and because of this disposition of the case, we find it unnecessary to rule as to the propriety of the action of the district court in granting the motion of the sellers to strike the amended answer of the buyers.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE BOTTOMLY and ANGSTMAN concur.

MR. JUSTICE ADAIR concurring in result only.

I concur in the result, but not in all that is said in the foregoing opinion.