HURLEY, RESPONDENT, *v.* O'NEILL, APPELLANT.

(No. 2,025.)

(Submitted December 13, 1904.   Decided January 21, 1905.

*Partition—Burden of Proof—Dower—Sale—Parties.*

Partition—Prior Agreement for—Burden of Proof.
   1.   In a suit for partition, the party who alleges prior partition or relies upon an oral agreement respecting it, has the burden of showing the existence of such agreement.
Partition—Course When Not Feasible without Prejudice to Owners.
   2.   Where property is so situated that partition cannot be made without great prejudice to the owners, the court may, under Code of Civil Procedure, Section 1355, order a sale thereof.
Partition—Dower—Wife of Tenant-in-Common—Indispensable Party.
   3.   Under Code of Civil Procedure, Section 1342, the wife of a defendant tenant-in-common, having an inchoate right of dower in an undivided share of the property, is an indispensable party to a suit for partition.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION for partition by Mary Ann Hurley against Patrick O'Neill.   From an interlocutory decree, and from an order overruling motion for new trial, defendant appeals.   Reversed.

*Mr. Geo. B. Dygert, Mr. L. J. Hamilton,* and *Mr. F. D. Lingenfelter,* for Respondent.

There being a substantial conflict in the evidence upon the question as to whether respondent ever had any actual notice of the existence of the alleged oral agreement for partition of the lot, the findings and decree of the district court must be sustained.   (*Lincoln* v. *Rogers,* 1 Mont. 286; *Orr* v. *Haskell,* 2 Mont. 255; *Beck* v. *Beck,* 6 Mont. 285; *Landsman* v. *Thompson,* 9 Mont. 398; *Carron* v. *Wood,* 10 Mont. 500; *O'Donnel* v. *Bennett,* 12 Mont. 242; *Bradshaw* v. *Degenhart,* 15 Mont. 267; *Methodist Church* v. *Rickards,* 16 Mont. 70; *Beckstead* v. *Montana Union R. R. Co.,* 19 Mont. 147; *Baxter* v. *Hamilton,*

20 Mont. 327; *O'Rourke et al.* v. *Sherman,* 23 Mont. 310; *Wastl* v. *Montana Union Railway Co.,* 24 Mont. 159; *H. & L. S. & R. Co.* v. *Lynch et al.,* 25 Mont. 497; *M. O. P. Co.* v. *B. & M. C. C. & S. M. Co.,* 27 Mont. 288.)

"The objection of defect of parties is waived if not raised by demurrer or answer." (*Hines* v. *Consol. C. & L. Co.,* 29 Ind. App. 563, 64 N. E. 886; *Hellams* v. *Prior,* 64 S. C. 543; Mansfield, Dig. Sec. 5028, par. 4; *Boseker* v. *Chamberlin,* 160 Ind. 114, 66 N. E. 448; *Engel* v. *Dads,* (Neb.) 92 N. W. 629; *Whitecotton* v. *St. Louis & H. R. Co.,* (Mo. App.) 78 S. W. 318; *Bauer* v. *Parker,* 82 App. Div. (N. Y.) 289; *Kerry* v. *Pacific Marine Co.,* 121 Cal. 564.)

*Mr. Jas. H. Baldwin,* for Appellant.

There can be no such substantial conflict as will prevent the court's looking into the evidence and determining therefrom whether or not the lower court's determination of the questions involved was correct or not. (*Arnold* v. *Sinclair,* 12 Mont. 268, 277; *Campbell* v. *Great Falls,* 27 Mont. 89; *Harrington* v. *B. & M. Co.,* 27 Mont. 13; *Hamilton* v. *Nelson,* 22 Mont. 540; *Penny* v. *Oldhauser,* 24 Mont. 287, 292.)

The district court is without jurisdiction in a suit for partition where the wife of the defendant, having an inchoate right of dower in the premises in controversy, has not been made a party. (*DeUprey* v. *DeUprey,* 27 Cal. 329, 333; *Wright* v. *Wright,* 53 Pac. 684; *Harrison* v. *McCormick,* 74 Cal. 435, 443; *Harrison* v. *McCormick,* 69 Cal. 621; *O'Connor* v. *Irvine,* 74 Cal. 435, 443; *Robinson* v. *Glasson,* 53 Cal. 38; *Osterhndorf* v. *Ulster,* 98 N. Y. 239; Bliss on Code Pleading, Secs. 96, 111; *Patterson* v. *Yuba,* 12 Cal. 107; *Riddle-Boggs* v. *Merced M. Co.,* 14 Cal. 277, 364; *Hutchinson* v. *Burr,* 12 Cal. 103.)

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This is an appeal from an interlocutory decree rendered in

a suit for partition, and from an order overruling a motion for a new trial.

The facts appear to be that the defendant and one Dennis D. Sullivan in 1889 purchased a certain tract of land, 100 feet in length and 30 feet in width, in Butte, Montana; that their titles were obtained from a common source, and, so far as the record title is concerned, they were tenants in common. It also appears that at the time of the purchase the territory adjoining the lot was unoccupied, and that they had free access to all parts of the land purchased, by passing over other lands; that it was agreed at the time between defendant and Sullivan that Sullivan should erect a dwelling house on the east end of the lot, and the defendant herein should erect a house on the west end of the lot. Neither party appears to have borne any of the expense occasioned by the construction of these houses, except the one erected by himself. The parties moved into the houses with their families, and occupied the same continuously until 1895, when Sullivan sold his interest in the lot to the plaintiff herein, who, with her husband, took immediate possession of the house erected and occupied by Sullivan. The part of the lot upon which the defendant, O'Neill, had erected his house, proved to be the front end of the lot; and the adjoining property having become occupied or used, there was no practical means of reaching the rear end of the lot, occupied by the grantee of Sullivan, except by passing over that portion of the lot occupied by defendant. A difficulty arose between the parties, and the plaintiff brought this action for partition.

The defense is to the effect that Sullivan and the defendant had, prior to the time of the sale by Sullivan to the plaintiff, orally agreed upon a division of the lot, to-wit, that the defendant should occupy the front fifty feet of the lot, on which the house erected by him was located, and that Sullivan should occupy the rear fifty feet of the lot, and that the plaintiff well knew of this agreement at the time she purchased the interest of Sullivan.

The findings of the court are to the effect that the plaintiff had no knowledge of the existence of any oral agreement relative to the division of the lot; that she was entitled to the relief asked for in her complaint; that the premises, and the whole thereof, are so situated that actual partition into distinct parcels cannot be made without great prejudice to both plaintiff and defendant. The court therefore entered an interlocutory decree to the effect that the premises be sold under the direction of a referee appointed for that purpose, and that the referee ascertain if the wife of the defendant had released her dower right in the premises to her husband, and, if she had not, or would not consent to do so, to ascertain what would be a just compensation to pay her for her dower interest. The defendant, on this appeal, urges that the evidence is not sufficient to sustain the findings, that the findings are contrary to the evidence and against law, and that the court could not enter a decree at all, for the reason that the wife of the defendant was an indispensable party to the action.

The burden of showing the existence of an oral agreement respecting the partition of the lot rests upon the defendant, or the party who alleges or relies upon the same. There is no evidence in this record showing that the plaintiff, at the time she purchased the interest of Sullivan, had notice of the existence of any agreement respecting the partition or division of this lot. There was nothing in the occupation of the lot by both the tenants in common, though they resided in separate houses, that was inconsistent with the record title, for, being tenants in common, each had the right of possession. The grantor of plaintiff testifies that there never was any agreement between himself and the defendant respecting a division of the lands, further than it was agreed as to the part of the lot on which each should erect his own house; that, at the time he made the sale to the plaintiff, he told her that she had an interest in the whole lot—the front as well as the back. There is some evidence on the part of the defendant as to statements made by the plaintiff and her husband, who acted as her agent, which would

tend to show that shortly after the purchase she had notice that some agreement existed between Sullivan and defendant with reference to a division of the lot. This, however, is disputed.

Each party, it appears, had paid taxes on one-half the lot since its purchase. The facts are not materially different from those presented on the former appeal, where the questions respecting the payment of taxes and survey of the lot, putting up stakes, the construction of outbuildings, and erection of fences, etc., were all passed upon, and the court said: "It is apparent that these two items, whether considered separately or together, fall short, in themselves, of being sufficient to justify the inference that the plaintiff, when she purchased the undivided one-half interest from Sullivan in March, 1895, had notice of the equitable rights of the defendant." (*Hurley* v. *O'Neill*, 26 Mont. 269, 67 Pac. 626; *Mullins* v. *Butte Hardware Co.*, 25 Mont. 525, 65 Pac. 1004, 87 Am. St. Rep. 430; *Sheldon* v. *Powell*, 31 Mont. 249, 78 Pac. 491.) Section 1355, Code of Civil Procedure, provides, in substance, that if it appears that the property, or any part, is so situated that partition cannot be made without great prejudice to the owners, the court may order a sale thereof. It appears from the evidence in this case that this lot is so situated that it cannot be divided without great prejudice to the owners.

We find no error in the findings of the court respecting the facts presented in this record.

2. A further objection urged by appellant is to the effect that the wife of a defendant tenant-in-common is an indispensable party to a suit for partition of real estate. It appears on the face of the complaint that the wife of defendant was not made a party to this action. It also appears from the evidence of plaintiff that she knew at the time this action was commenced that the wife of defendant was residing with defendant on this land. No demurrer was filed to the complaint, nor was any objection made on the ground of defect or misjoinder of parties, and the question was first raised in the motion for a new trial. Whether the wife of a co-tenant is a necessary party to an ac-

tion for partition, unless she has some interest other than the inchoate right of dower not admeasured, is unnecessary to be considered here.

An action for partition, under our Code, is a special statutory proceeding. (*Ryer* v. *Fletcher-Ryer Co.,* 126 Cal. 482, 58 Pac. 908, and cases cited; *Waterman* v. *Lawrence,* 19 Cal. 210, 79 Am. Dec. 212.) We must therefore look to the statute for the authority to bring the action, and for the procedure to be followed both in bringing the action and after it is instituted. Sections 1340 *et seq.* of the Code of Civil Procedure treat fully the subject of partition. Section 1342, treating of the parties to the action, reads, in part: "Every person having an inchoate right of dower in an undivided share in the property; and every person having a right of dower in the property, or any part thereof, which has not been admeasured, must be a party to an action for partition." Section 1343 provides that the plaintiff may, at his election, make others enumerated therein parties to the action.

The first section quoted names those who *must* be parties to the suit. The second names those who *may* be parties to the suit. A person having the inchoate right of dower is named among those who *must be* parties to the action. Section 1344 provides that the interests of all the persons in the property, whether such persons be known or unknown, must be set forth in the complaint specifically and particularly, as far as known to the plaintiff. (Sections 1342, 1353, Code of Civil Procedure; *Dameron* v. *Jameson,* 71 Mo. 97; *Davis* v. *Lang,* 153 Ill. 175, 38 N. E. 635.)

Sections 1391 and 1392 provide how the rights of a party having an existing right of dower may be protected, but, if the wife is not a party to the action, the plain method of procedure positively stated in Section 1342 has not been followed, and any decree which the court may render is not binding upon her; and the rights of all the parties in the premises cannot be determined, and the subject-matter of the action will therefore

be held open for further litigation unless the parties voluntarily agree.

"A court of equity will not permit litigation by piecemeal. The whole subject-matter and all the parties should be before it, and their respective claims determined once and forever. * * * If the necessary parties to a full determination are not before the court, it is the duty of the court, on its own motion, to order them brought in; and this, although the defendants in the action have omitted to raise an objection of defect of parties by demurrer or answer. The failure of the court so to do is fatal to the judgment." (*O'Connor* v. *Irvine,* 74 Cal. 435, 16 Pac. 236.)

In *Holloway* v. *McIlhenny,* 77 Tex. 657, 14 S. W. 240, the court said: "Appellee insists that, because there was no attempt in the court below to arrest the proceedings for want of necessary parties until the final judgment, * * * the objection comes too late. But we are of opinion that the error cannot be cured by failure to take action in the trial court. A decree of partition in a suit to which one or more of the owners of the land are not parties does not affect their rights. They cannot be bound by the decree, and can have it set aside in any proper proceeding in which all parties are before the court. Courts of justice do not sit to enter empty decrees, and hence will arrest a proceeding of this character for want of necessary parties at any stage of the proceedings."

Under Section 1342 above the wife of the defendant was an indispensable party, and, not having been made a party, the court could not proceed to judgment.

We recommend that the judgment and order be reversed, and the cause remanded.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are reversed, and the cause is remanded.

                     *Reversed and remanded.*