No. 88-365

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

---

KENNETH CIOTTI AND JORDANELLA
CIOTTI,

        Plaintiffs and Respondents,

   -vs-

ROBERT HOOVER, DIANE HOOVER, JOHN GERLETTI,
and JENNIFER HENDRIX,

        Defendants and Appellants.

---

APPEAL FROM: District Court of the Twentieth Judicial District,
In and for the County of Sanders,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Timothy J. Lape, Polson, Montana

    For Respondent:

        Thomas Alan Kragh; Rosscup & Kragh, Polson, Montana

---

Submitted on Briefs: March 2, 1989

Decided: June 6, 1989

Filed:

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The appeal of the defendant John Gerletti from a judgment entered in the District Court of the Twentieth Judicial District, Sanders County, concerns the necessity of appointing three referees in a partition action as required by statute. Because we find the statute was not followed in the District Court, we reverse the judgment and remand for further proceedings.

There are four issues for review by this Court as follows:

1) Did the District Court err by not appointing three (3) referees as mandated by § 70-29-202(1) and (2), MCA, before partitioning the land into three parcels?

2) Did the District Court err by finding that none of the defendants objected to the appointment of a single referee instead of three referees?

3) Did the District Court err by finding that the defendants waived their rights to the appointment of three referees?

4) Did the District Court err by finding that Judge Henson's order dated July 16, 1984 was in full force and effect?

The parties entered into a contract for deed with Leonard and Peggy Smith for the purchase of 200 acres in Sanders County, Montana. At the time of the purchase, there were three couples; the Ciottis, the Hoovers and the Gerlettis. The Gerlettis have since divorced. The parties are tenants in common, each paying an equal part of the purchase price. The property has been paid for in full and the Smith's are no longer parties to this action.

On May 18, 1983, the Ciottis filed a complaint for partition of the land because they were seeking financing and the bank would not lend on a mortgage without all the owners signing for the loan. The defendants, the Hoovers and Gerlettis were not personally served with the summons and complaint. Service was attempted by publication despite the Ciottis knowledge of the whereabouts of the defendants who resided out of state. In October, 1983, a default judgment was entered against the defendants. On July 16, 1984, an order was issued by Judge John S. Henson based on the default which ordered that the property be partitioned, that Hilman Hanson be appointed referee to partition the property and that the referee submit his report dividing the property to the District Court. On October 10, 1984, Judge Henson signed an order confirming the referee's report and an amended order confirming the report was signed December 17, 1984.

On April 11, 1985, the defendants filed a motion to set aside the judgment based upon lack of service and notice. On May 24, 1985, Judge C. B. McNeil signed an order vacating the default judgment and declaring the orders of October 10, 1984 and December 17, 1984 void because the District Court was without jurisdiction to issue the default judgment and subsequent orders.

On June 13, 1985, the defendants filed an answer to the original complaint. One year later, the Ciottis filed a motion for an order to partition the land, for the appointment of a single referee, that Hilman Hanson be appointed as that referee and for confirmation of Hanson's report which was previously submitted to the court. The motion was set for hearing July 8, 1986.

Prior to the hearing, the parties met for a settlement conference. The Ciottis and Gerlettis each made a proposal for settlement. There is some disagreement about which

proposal was agreed upon. John Gerletti contends that the only unresolved item was the cost to have the land surveyed but it appears that he wanted five acres which abutted the creek on the property that had been fenced by the Ciottis. The settlement conference failed and the matter was set for trial on December 21, 1987. Gerletti made a motion to compel compliance with the settlement agreement and it was decided that the motion would be treated as a counterclaim at trial.

Trial was held on December 21, 1987 with only the Ciottis and John Gerletti appearing. Findings of fact, conclusions of law and judgment for partition were entered on March 1, 1988 denying Gerletti's counterclaim and partitioning the land into three parcels. No referees were appointed prior to the partitioning of the land. Post-trial motions were filed by Gerletti addressing the appointment of referees and the court entered amended findings of fact, conclusions of law and judgment for partition on April 22, 1987. Again, no referees were appointed. Finding of fact no. 13 incorporates the July 16, 1984 order which appoints Hilman Hanson as the single referee, however the parties never consented to the appointment of a single referee. Additional post-trial motions regarding the appointment of referees were filed by Gerletti and denied. This appeal followed.

I

1) Did the District Court err by not appointing three (3) referees as mandated by § 70-29-202(1) and (2), MCA before partitioning the land into three parcels?

2) Did the District Court err by finding that none of the defendants objected to the appointment of a single referee instead of three referees?

- 4 -

3) Did the District Court err by finding that the defendants waived their rights to the appointment of three referees?

The first three issues regarding § 70-29-202, MCA, governing the partitioning of property and the appointment of referees will be addressed as one. Section 70-29-202(1) and (2) provide in part, as follows:

> . . . upon requisite proofs being made, it [the court] must order a partition according to the respective rights of the parties as ascertained by the court and appoint three referees . . .
>
> (2) The court, with the consent of the parties, may appoint a single referee instead of three referees in the proceedings under the provisions of this chapter, and the single referee, when thus appointed, has all the powers and may perform all the duties of the three referees. (Emphasis added.)

The interpretation of this statute, insofar as it concerns the appointment of referees, has not been an issue before this Court until now, most likely because the language of the statute is clear and does not leave any discretion whatsoever to the District Court. An action for partition is a special statutory proceeding. Hurley v. O'Neill (1905), 31 Mont. 595, 79 P. 242, 243. "We must therefore look to the statute for the authority to bring the action and for the procedure to be followed both in bringing the action and after it is instituted." (Emphasis added.) Lawrence v. Harvey (1980), 186 Mont. 314, 607 P.2d 551, 555, quoting Hurley, supra, 79 P. at 243.

The statute provides that unless the parties consent to the appointment of a single referee, three referees must be appointed. This was not done, therefore the District Court erred. The respondents contend this error was harmless error and that had three referees been appointed, the result would

have been the same. This argument is pure speculation. We do not know what three referees might have done because three referees were not appointed under the mandatory language of the statute.

The District Court, in its findings of fact nos. 17, 18, 19, and 20, finds that the defendants did not object to the appointment of a single referee until post-trial motions. First, it is not a matter of objecting to the appointment of a single referee, it is a matter of consent which the defendants did not give. Second, these findings simply are not supported by the record. The defendant first objected at the July 8, 1986 hearing on plaintiff's motion dated June 13, 1986 which requested an order partitioning the property, the appointment of Hilman Hanson as the single referee, and for an order confirming Hanson's report filed in the proceedings which were set aside for failure to make proper service. The defendant objected again when answering a renewed motion by the plaintiffs dated August 31, 1987 requesting the appointment of Hilman Hanson as the single referee. The defendant also objected at the December 21, 1987 trial when the report by Hanson prepared for the void proceedings was introduced into evidence.

Based upon the court's finding that the defendant did not object, the court found that this supposed failure constituted a waiver of the defendant's right to have three referees appointed by the court. This is clearly error. If consent for a lesser number is not given, the statute states the court must appoint three referees.

II

4) Did the District Court err by finding that Judge Henson's order of July 16, 1984 was in full force and effect?

It is fundamental to our system of law that the court rendering a decision in any particular case, have

jurisdiction over the parties. Jurisdiction is power, that is, the authority to render a judgment. The District Court realized this when it vacated the first proceeding on the grounds that jurisdiction did not exist.

> It is elementary that when the judgment roll upon its face shows that the court was without jurisdiction to render the particular judgment, its pronouncement is in fact no judgment. It cannot be enforced. No right can be derived from it. All proceedings founded upon it are invalid and ineffective for any purpose. (Emphasis added.)

Apple v. Edwards (1949), 123 Mont. 135, 140-141, 211 P.2d 138.

The District Court, in its findings recognized the invalidity of the default judgment issued October 4, 1983 and voided two of the resulting orders, but then states that the July 16, 1984, order was in full force and effect. This is not correct. The whole prior proceeding is void, not just parts of it. As a result, the July 16, 1984, order cannot be the basis for the appointment of a single referee. Otherwise the clearly stated requirements of § 70-29-202, MCA, are not given effect. Reversed and remanded for further proceedings in accordance with this opinion.

John C. Sheehy
Justice

We Concur:

J. A. Turnage
Chief Justice

John Conway Harrison

L.C. Gulbrandson

Justices