FILED

June 17 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 08-0205

2008 MT 210

_____

IN THE MATTER OF THE FORMATION OF
EAST BENCH IRRIGATION DISTRICT

O P I N I O N

A N D

O R D E R

_____

¶1 Appellees Imperial Ranches, Inc., Thomas D. Hughes, Scott D. Hagedorn and Dawn M. Hagedorn, by counsel, have filed a motion to dismiss the notice of appeal filed by appellant Open A Ranches, Inc. (Open A), on timeliness grounds. Appellee Walsh W-Bar Ranch, Inc., by counsel, has filed a similar motion. Appellees seek dismissal of the appeal on the grounds that Open A failed to comply with the time limitation for the filing of a notice of appeal that is set forth in the statutes governing extension of an irrigation district's legal boundaries. Open A has filed a memorandum in opposition to the motion to dismiss.

¶2 This matter arises out of petitions filed by appellees to extend the boundaries of the East Bench Irrigation District in Beaverhead and Madison Counties. On March 24, 2008, the District Court entered judgment granting the relief requested by appellees. Thereafter, on April 22, 2008, Open A filed a notice of appeal. While the notice of appeal was filed within 30 days of the date of the District Court's judgment, as is

1

routinely required for an appeal in a civil action (M. R. App. P. 4(5)), it was not filed within the timeframe for appeal specified in § 85-7-1810, MCA, the statute addressing proceedings on petitions for addition of lands to irrigation districts. Specifically, § 85-7-1810, MCA, provides in pertinent part:

> The order of the district court shall be final and conclusive, the same as the order originally creating the district, unless appealed from to the supreme court within 10 days from the entry of the order.

¶3 Appellees maintain that, in the case of special statutory proceedings, the procedures to be followed are dictated by the statutes, and to the extent the statutes in question are in conflict with the Montana Rules of Appellate Procedure, the special statutory procedures "trump" the rules of appellate procedure. Boundary adjustment proceedings are special statutory proceedings, created by the Legislature. As such, these statutes govern all procedures relative to irrigation districts, including the filing of a notice of appeal from a district court order thereon. Appellees cite *Hurley v. O'Neill*, 31 Mont. 595, 79 P. 242 (1905), *Lawrence v. Harvey*, 186 Mont. 314, 319, 607 P.2d 551, 555 (1980), and *Kellogg v. Dearborn Information Services*, 2005 MT 188, ¶ 26, 328 Mont. 83, ¶ 26, 119 P.3d 20, ¶ 26, for the proposition that one must look to the special statutory procedures for both the authority for any action thereunder as well as the procedures to be followed.

¶4 Appellee Walsh W-Bar also argues that the statutes limiting the time for appeal are mandatory and jurisdictional, and that once the time within which an appeal could be filed has passed without the appeal being perfected, this Court loses jurisdiction to hear

2

the appeal. Thus, because Open A's notice of appeal was not filed within 10 days of the entry of the District Court order, its appeal must be dismissed.

¶5 In response, Open A argues that the 10-day appeal period found in § 85-7-1810, MCA, has been superseded by the Montana Rules of Appellate Procedure. It argues that rulemaking authority is vested in the Supreme Court, subject only to legislative veto. Mont. Const. art. VII, § 2(3). Open A maintains that because this Court recently adopted new Montana Rules of Appellate Procedure, which contain the 30-day time limitation for the filing of the notice of appeal, these latest rules control, and the 10-day appeal time set forth in § 85-7-1810, MCA, has been superseded. Further, Open A points out that while our previous M. R. App. P. 52(a) contained an exception to the applicability of the appellate rules in the case of special statutory proceedings, that rule no longer exists. Open A also argues that the cases cited by appellees relative to the preeminence of the provisions of special statutory procedures were decided before the adoption of the 1972 Montana Constitution which vested this Court with rule-making authority; therefore, it argues, these cases are no longer of import. Accordingly, Open A argues, the notice of appeal timeframe set forth in M. R. App. P. 4(5) governs without exception, and its notice of appeal was therefore timely filed.

¶6 Article VII, Section 2(3) of the 1972 Montana Constitution provides that the Supreme Court "may make rules governing appellate procedure, practice and procedure for all other courts, admission to the bar and the conduct of its members. Rules of procedure shall be subject to disapproval by the legislature in either of the two sessions following promulgation." This provision is entirely new to our Constitution, having no

3

counterpart in the 1889 Constitution. In *Coate v. Omholt*, 203 Mont. 488, 503-04, 662 P.2d 591, 599 (1983), we noted that Article VII, Section 2(3) for the first time vested the rule-making authority with this Court, relegating to the Legislature only the power to veto.

> Without question, Art. VII, § 2(3) vests in the Supreme Court the authority to adopt rules for appellate procedure and trial and appellate procedures "for all other courts." Just as clearly, the legislature is empowered to veto any such rules promulgated by this Court. However, once a legislative veto is exercised, the legislature is not empowered to fill the vacuum by enacting its own legislation governing appellate procedure or lower court procedure.

*Coate*, 203 Mont. at 504, 662 P.2d at 600.

¶7     Given the plain language of Article VII, Section 2(3), as interpreted in *Coate,* we conclude that the 30-day timeframe set forth in M. R. App. P. 4(5) was within this Court's sole authority to devise, and further that it supersedes the procedural 10-day appeal time set forth in § 85-7-1810, MCA, which was first implemented in 1909. To hold otherwise would require us to disregard the plain language of this new constitutional provision, as well as our precedent. Under Article VII, Section 2(3), while the Legislature may veto the rules of this Court within the two legislative sessions following their promulgation, it is not empowered to replace those rules with new ones. *Coate*, 203 Mont. at 504, 662 P.2d at 600. That task rests solely within the province of this Court. Moreover, the appellees in this matter have failed to present any authority in support of a position to the contrary. *Kellogg*, *Lawrence,* and *Hurley* are inapposite for the simple fact that none of these cases address whether special statutory timeframes for appeal

4

trump those created by this Court under the powers conferred by Article VII, Section 2(3) of the Montana Constitution.

¶8 In this connection, we consider § 3-2-708, MCA, which pre-dates the 1972 Constitution. This statute provides that the statutes contained in part 7 (addressing adoption of the Rules of Civil Procedure) "shall not abridge the right of the legislature to enact, modify, or repeal any statute or modify or repeal any rule of the supreme court adopted pursuant thereto." This statute appears to categorically support the argument advanced by the appellees here—i.e., that the legislative pronouncement of a time limit prevails over court rule. However, we said in *Coate* that Article VII, Section 2(3) "impliedly repealed" §§ 3-2-701 through 3-2-708, MCA, as the new provision in the 1972 Constitution "changed the roles of the supreme court and the legislature." *Coate*, 203 Mont. 503-504, 662 P.2d at 599.

¶9 The 30-day timeframe for filing a notice of appeal has been in place for decades, and was re-implemented by this Court with the adoption of the newly revised Montana Rules of Appellate Procedure (October 2007). The 2007 Rules of Appellate Procedure now provide explicitly that "[t]hese rules shall govern proceedings before the supreme court." (M. R. App. P. 1(2)). This being so, the Rules of Appellate Procedure adopted by this Court pursuant to the authority of the 1972 Constitution govern in this case, and, to the extent the two are in conflict, supersede the procedural appeal timeframe set forth in § 85-7-1810, MCA (1909). Therefore,

¶10 IT IS HEREBY ORDERED that the motions to dismiss this appeal filed by the appellees are DENIED.

5

¶11    IT IS FURTHER ORDERED that appellant's opening brief on appeal shall be due 30 days from the date of this Order.

¶12    IT IS FURTHER ORDERED that the Clerk of this Court serve a copy of this Order upon all counsel of record.

DATED this 17th day of June, 2008.

/S/ PATRICIA COTTER

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS